Conner G. Nicklas (Wyo. Bar No. 7-5908)
THE FALEN LAW OFFICES LLC
300 East 18th Street
Cheyenne, WY 82003
Ph: (307) 632-5105
Fx: (307) 637-3891
conner@buddfalen.com

Michael A. Columbo *
Mark P. Meuser *
DHILLON LAW GROUP, INC.
177 Post Street, Suite 700
San Francisco, CA 94108
Ph: (415) 944-4996
Fx: (415) 272-2926
mcolumbo@dhillonlaw.com
mmeuser@dhillonlaw.com

Scott E. Gessler *
GESSLER BLUE LLC
7350 East Progress Place, Ste. 100
Greenwood Village, CO 80111
Ph: (720) 647-5320
sgessler@gesslerblue.com

* *Pro Hac Vice* Pending
*Attorneys for Defendant Gray*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **EQUALITY STATE POLICY CENTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 25-cv-000117-SWS |
| | ) | |
| **CHUCK GRAY,** in his official capacity as | ) | |
| Wyoming Secretary of State, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR AN ORDER EXTENDING DEADLINES AND RECONSIDERATION OF ITS ORDER THAT THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DECIDED ON THE PAPERS

COMES NOW, Defendant CHUCK GRAY, by and through his attorney, Conner Nicklas of The Falen Law Office LLP, and pursuant to Fed. R. Civ. P. 6(b)(1) and 7(b)(1), hereby moves this Court for an Order to extend the time to respond to Plaintiff's Motion for Preliminary Injunction (ECF #16). In support of this Motion, Defendant states as follows:

## CERTIFICATE OF CONFERRAL

After obtaining Certificates of Appointment in this case, counsel for Secretary Gray conferred with Plaintiff's counsel. Plaintiff's counsel opposes the requested relief.

## ARGUMENT

Plaintiff's Motion for Preliminary Injunction requests that this Court stop the enforcement of HB 156. HB 156 is a voter registration law that is to take effect on July 1, 2025. On May 30, 2025, the Court *sua sponte* issued an order setting June 16, 2025, as the deadline for Defendant Gray to file a response to Plaintiff's Motion and stated that there would be no evidentiary hearing. (ECF #19).

**1.    Good cause exists to grant a short, three-week enlargement of time to allow Defendant Gray to defend state law.**

First, Plaintiff's delay in serving Defendant Gray with its Complaint and subsequent Motion for Preliminary Injunction has severely prejudiced Secretary Gray's ability to properly contest the *Motion for Preliminary Injunction*. On or about May 9, 2025, Plaintiff filed its *Complaint*. (ECF #1). Two weeks later, on May 23, 2025, Plaintiff filed *Motion for Preliminary Injunction*. (ECF #16). Plaintiffs did not serve Defendant Chuck Gray, but the Wyoming Attorney General's office accepted waiver of service of process three business days later, on May 28, 2025 (ECF #17). Other Defendants did not sign a waiver of service until June 3, 2025 (ECF #20), June 5, 2025 (ECF #22), and June 6, 2025 (ECF #23). It appears that 12 of the defendants have yet to be served or sign a waiver of service.

Moreover, this case will be determined by the fact-intensive *Anderson-Burdick* balancing test. *Anderson v. Celebrezze*, 460 U.S. 780 (1983) and *Burdick v. Takushi*, 504 U.S. 428 (1992). Out-of-state counsel for Secretary Gray received their Certificates of Appointment of Special Assistant Attorney General on June 6, 2025, and local counsel for Secretary Gray did not receive his Certificate until June 9, 2025. As of this filing, counsel for Gray have not had an opportunity to even confer with counsel for the additional 23 defendants. The Plaintiff has also submitted over 500 pages of evidence. Requiring Defendants to file their responses to the *Motion* by June 16, 2025, does not provide adequate time for Secretary Gray to gather evidence and present his arguments.

Second, the July 1, 2025 implementation deadline should not drive this Court's schedule. The next election in the state of Wyoming is a special district election that will take place in Crook County on August 19, 2025. No other elections are scheduled until November 2025. Under current Wyoming law, a voter must show acceptable identification to vote in person. WY ST §22-3-118. The State of Wyoming allows same-day voter registration. This means that a voter can register to vote as late as the day of the election. As such, the earliest date that any Wyoming resident could be deprived of their right to vote would be August 19, 2025, in only one county. It is the Wyoming Secretary of State's position that this Court has until early August to review the evidence and issue a decision on Plaintiff's Motion for a Preliminary Injunction.

Third, Plaintiff has not identified a single concrete instance of imminent harm. Plaintiff's *Motion for Preliminary Injunction* presents hypothetical stories of unidentified individuals who might somehow be unable to show the necessary identification in order to register to vote. But Plaintiff has failed to identify a single voter in Wyoming who will be unable to register to vote under Wyoming's new voter registration rules. And they certainly have not identified any voter in

Crook County who will be unable to register before August 19, 2025. Accordingly, no individual in Wyoming will be deprived of the right to vote should this Court give Defendants three additional weeks to obtain and present their evidence, which will still allow the Court adequate time to render a decision well in advance of the August 19, 2025 Crook County election.

Counsel for Secretary Gray therefore respectfully requests that this Court allow three additional weeks to respond to the Plaintiff's motion.

## 2.    A short hearing is necessary to determine the facts necessary under the constitutional balancing test.

The Court's *sua sponte* order also stated that the Court would not hold a factual hearing on the Motion for *Preliminary Injunction*. (ECF #19).

Both Plaintiff and Defendant Gray agree that the controlling legal standard for determining the constitutionality of HB 156 is set forth in *Anderson* and *Burdick*. Those cases require the Court to balance the burdens on voters against the state interest. In short, it requires the court to engage in a factual analysis. For example, the District Courts in both *Crawford v. Marion County Election Board,* 553 U.S. 181 (2008), and *Fish v. Schwab*, 957 F.3d 1105 (10th Cir. 2020), rendered their decisions only after conducting lengthy trials in which each side was afforded the opportunity to present evidence. These factual records were necessary to enable the court to assess the constitutionality or unconstitutionality of the state's election laws.

In an attempt to meet its evidentiary burden, the Plaintiff has provided 521 pages of evidence. It is reasonable to assume that the Plaintiff has spent considerable time—well in advance of filing its complaint—to compile this evidence. It would be unfair to limit Defendant Gray to substantially less than two weeks to develop evidence to contest Plaintiff's claims. Defendant Gray anticipates that he will need to present the oral testimony of two to four witnesses, who will explain how Wyoming will implement the new law, thus enabling the Court to fully understand this law's

implementation and effect on voters statewide. Counsel anticipates that the testimony will take no longer than two to three hours.

## CONCLUSION

For the foregoing reasons, Secretary Gray respectfully requests that this Court extend the deadline that he has to respond to Plaintiff's *Motion for Preliminary Injunction* for three weeks, from June 16, 2025, to July 7, 2025. Secretary Gray also requests a brief factual hearing to develop the facts necessary for resolution of the Plaintiff's *Motion*.

**DATED** this 10th day of June, 2025.

By:_____

Conner G. Nicklas (Wyo. Bar No. 7-5908)
THE FALEN LAW OFFICE LLC
300 East 18th Street
Cheyenne, WY 82003
Ph: 307-632-5105
Fx: 307-637-3891
conner@buddfalen.com

Michael A. Columbo
Mark P. Meuser
DHILLON LAW GROUP, INC.
177 Post Street, Suite 700
San Francisco, CA 94108
Ph: (415) 944-4996
Fx: (415) 272-2926
mcolumbo@dhillonlaw.com
mmeuser@dhillonlaw.com

Scott E. Gessler
GESSLER BLUE LLC
7350 East Progress Place, Ste. 100
Greenwood Village, CO 80111
Ph: (720) 647-5320
sgessler@gesslerblue.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June 2025, a true and correct copy of the foregoing **DEFENDANT'S MOTION FOR AN ORDER EXTENDING DEADLINES AND RECONSIDERATION OF ITS ORDER THAT THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DECIDED ON THE PAPERS** was served by CM/ECF e-service to the following:

**Plaintiff Equality State Policy Center**

> Darold W. Killmer
> Reid Allison
> Madison Lips
> **Killmer Lane, LLP**
> 1543 Champa St., Suite 400
> Denver, CO 80202

> Elisabeth C. Frost
> Katie Chamblee-Ryan
> Daniel Cohen
> Nicole Wittstein
> **ELIAS LAW GROUP LLP**
> 250 Massachusetts Avenue NW, Suite 400
> Washington, D.C. 20002

**Defendant Sublette County Clerk**

> Clayton Miles Melinkovich
> PO Box 1010
> Pinedale, WY 82941

And was served on the remaining Defendants by emailing a copy of this motion to the following County Counsel:

**Defendant Albany County Clerk**
> jcurran@co.albany.wy.us
> mayres@co.albany.wy.us
> ebritzius@co.albany.wy.us

**Defendant Big Horn County Clerk**
> jennifer.kirk@bhcounty.com
> marcia.bean@bighorncountywy.gov

**Defendant Campbell County Clerk**
        kyle.ferris@campbellcountywy.gov
        nathan.henkes@campbellcountywy.gov

**Defendant Carbon County Clerk**
        ashleymayfield@carbonwy.com

**Defendant Converse County Clerk**
        attorney@conversecountywy.gov

**Defendant Crook County Clerk**
        joeb@crookcounty.wy.gov

**Defendant Fremont County Clerk**
        nathan.maxon@fremontcountywy.gov

**Defendant Goshen County Clerk**
        eboyer@goshencounty.org

**Defendant Hot Springs County Clerk**
        jill.logan@hscounty.com

**Defendant Johnson County Clerk**
        jstensaas@johnsoncowy.us
        barry@johnsoncowy.us
        truby@johnsoncowy.us

**Defendant Laramie County Clerk**
        mvoss@laramiecounty.com

**Defendant Lincoln County Clerk**
        sallred@lcwy.org

**Defendant Natrona County Clerk**
        lpojman@natronaconty-wy.gov

**Defendant Niobrara County Clerk**
        awasserburger@outlook.com

**Defendant Park County Clerk**
        dustin.slade@parkcounty-wy.gov
        bryan.skoric@parkcounty-wy.gov

**Defendant Platte County Clerk**
        dweaver@plattecountywyoming.com

**Defendant Sheridan County Clerk**
        cbeaver@sheridancountywy.gov
        dbennett@sheridancountywy.gov

**Defendant Sweetwater County Clerk**
        delonj@sweetwatercountywy.gov
        erramousped@sweetwatercountywy.gov

**Defendant Teton County Clerk**
        kgingery@tetoncountywy.gov
        rstout@tetoncountywy.gov

**Defendant Uinta County Clerk**
        loretta.kallas@uintacountywy.gov

**Defendant Washakie County Clerk**
        attorney@washakiecountywy.gov

**Defendant Weston County Clerk**
        mstulken@westongov.com

By: _____
        Paralegal
        THE FALEN LAW OFFICE LLC