Darold W. Killmer, No. 8-6643
Reid Allison*
Madison Lips*
**KILLMER LANE, LLP**
1543 Champa St., Suite 400
Denver, CO 80202
Tel: (303) 571-1000

Elisabeth C. Frost*
Katie Chamblee-Ryan*
Daniel Cohen*
Nicole Wittstein*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20002
Tel: (202) 968-4490

*Admitted pro hac vice*

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **EQUALITY STATE POLICY CENTER**, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **CHUCK GRAY**, in his official capacity as Wyoming Secretary of State; *et al.*, | ) Civil Action No. 25-cv-00117-SWS |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT SECRETARY OF STATE'S MOTION FOR ORDER EXTENDING DEADLINES AND FOR RECONSIDERATION**

When the challenged law—HB 156—takes effect on July 1, 2025, Wyoming will begin rejecting voter registration applications from otherwise eligible citizens who fail to provide an acceptable form of documentary proof of citizenship ("DPOC"). Plaintiff Equality State Policy Center filed a preliminary injunction motion to avoid this result, which will cause irreparable harm to Plaintiff, its members and constituents, and many other eligible voters statewide. On May 30, this Court set a briefing schedule on that motion, setting the response deadline for June 16 and

reply for June 25. This schedule is more generous than the Local Rules' default, giving the parties as much time as possible to brief the motion, while leaving the Court with less than a week to resolve it before HB 156's July 1 effective date.

Defendant Secretary of State Chuck Gray now asks for three extra weeks to respond, which would extend the motion's resolution until after HB 156 takes effect. This request is not justified. As his public comments demonstrate, the Secretary has been fully aware of this lawsuit and the preliminary injunction motion since they were filed. Meanwhile, far from delaying service, Plaintiff's counsel have been in regular contact with attorneys from the Wyoming Attorney General's office, who confirmed that they were representing the Secretary and with whom Plaintiff's counsel negotiated service. The Secretary's motion omits all of this, painting instead a false picture of delay by the Plaintiff. The Secretary also does not mention that, when Plaintiff's counsel were contacted about this motion for the first time late Friday night, they promptly responded, offering to negotiate a longer briefing schedule if the Secretary would agree to stay enforcement of HB 156 in the interim. The Secretary's counsel never responded to that proposal.

Secretary Gray does not deny that, if his motion is granted, citizens will have their voter registration applications rejected beginning on July 1, when the challenged law goes into effect. Instead, he contends that this does not matter because they can re-register later. This argument runs directly contrary to Tenth Circuit precedent recognizing that denial of voter registration is precisely the sort of irreparable harm preliminary injunctions exist to guard against. The Secretary's motion should be denied.[1]

---

[1] Plaintiff takes no position on the Secretary's request that the Court reconsider its decision to decide the motion on the papers, so long as any hearing would not delay resolution of the motion beyond the law's effective date. The Court is in the best position to know whether argument would aid its decision-making. But Plaintiff agrees with the observation that "the issues presented are

## BACKGROUND

Plaintiff filed this action on May 9, 2025, challenging HB 156's new requirement that Wyomingites present DPOC to register to vote. Doc. 1. Within hours, Secretary Gray shared a screenshot of the complaint on X, announcing that he would fight it:



Ex. 1. That same day, the Secretary was quoted about the lawsuit in the *Cowboy State Daily* and issued an official press release vowing to "vigorously defend" against it. Ex. 2; Ex. 3.

Summonses issued on May 12. *See* Doc. 3. That day, Secretary Gray posted his office's press release on X. Ex. 4. On May 13, Secretary Gray announced on X that he would appear on a podcast to discuss the lawsuit. Ex. 5. After the interview, he posted a video of it. Ex. 6.[2]

On May 15, Plaintiff's counsel affirmatively contacted the Wyoming Attorney General's

---

primarily questions of law." Doc. 19. *Fish v. Schwab*, 957 F.3d 1105 (10th Cir. 2020), which invalidated a similar—but more lenient—law, controls the outcome here.
[2] Secretary Chuck Gray (@ChuckForWyoming), X.com (May 13, 2025, 6:36 p.m.), https://x.com/ChuckForWyoming/status/1922420665891577867 (posting video).

Case 1:25-cv-00117-SWS    Document 30    Filed 06/10/25    Page 4 of 13

office, attaching copies of the Complaint, civil cover sheet, and a waiver of service form, seeking to confirm representation and inquiring as to waiver of service. Ex. 7 at 7–8.[3] A Deputy Attorney General responded that same afternoon, advising that she and another Deputy would be representing Secretary Gray and that, pending confirmation from the Secretary, she "anticipate[d] providing the waiver [of service] for him." *Id* at 6. The Deputy produced the signed waiver two-and-a-half weeks later, on May 28, and Plaintiff filed it with this Court. *See* Doc. 17.

On Friday, May 23, Plaintiff filed its preliminary injunction motion. Docs. 15, 16. On May 25, Plaintiff's counsel sent a copy of the motion, the supporting memorandum, and exhibits by email to the Deputy Attorneys General representing Secretary Gray. Ex. 7 at 1. The following day, one of the Deputies notified Plaintiff's counsel for the first time that they were "in the process of obtaining outside counsel" for the Secretary, but that she and the other Deputy who had been handling the case "w[ould] continue to manage it until that can occur." *Id*. She did not raise any concerns over service of the preliminary injunction motion. *See id.*

The Secretary's public statements make clear that he intended to use outside counsel from the outset. On May 15, he stated in an interview that preparing a defense in this case would "require . . . working with outside counsel." Ex. 8. In another interview on May 27, he indicated that he and his outside counsel were already working on his defense against the preliminary injunction motion: "We are going to use outside counsel," he stated, "because the Attorney General really just doesn't have the expertise that we need, and, uh, *we're working with them on preparing that vigorous defense on the preliminary injunction* and also the litigation itself."[4]

---

[3] Yet another interview with Secretary Gray about the lawsuit was published on May 15, Ex. 8, and the Secretary posted an article about it on X, Ex. 9.

[4] Hayley Caronia, Anti-Trump Lawyer FIGHTS for Illegals to Vote in WY, Nightly Scroll (May 27, 2025) at 9:20–9:42, *available at* https://rumble.com/v6tyh9h-anti-trump-lawyer-fights-for-illegals-to-vote-in-wy-nightly-scroll-w-hayley.html (emphasis added).

4

On May 28, Plaintiff's counsel met telephonically with the Deputy Attorneys General representing the Secretary. *See* Ex. 10 at 2–3. At that meeting, one of the Deputies stated—for the first time—that she had been unable to access the copies of Plaintiff's preliminary injunction filings sent three days earlier. *See id.* Notwithstanding Secretary Gray's public statements the day before that he was already "working with [counsel] on preparing that vigorous defense on the preliminary injunction," *supra* note 4, at 9:20-9:42, the Deputy asked Plaintiff's counsel to re-serve the filings—again via email—and file a new certificate of service reflecting the additional electronic service on May 28*, see* Ex. 10 at 1–3. Plaintiff's counsel did so. *See id.*; Doc. 18.

On May 30, this Court entered a scheduling order that gave Defendants until June 16 to file their response to the motion. Doc. 19. One week later, late in the evening of Friday, June 6, Mark Meuser of the Dhillon Law Group emailed Plaintiff's counsel to inform them that Secretary Gray had "officially retained" his firm and that he intended to enter his appearance on Monday, June 9, and seek an extension of time to respond until July 7. Ex. 11. Mr. Meuser also shared his intent to ask this Court to reconsider its decision to forgo a hearing. *Id.*

Plaintiff's counsel responded the following morning, advising that Plaintiff could not agree to delay the resolution of its preliminary injunction motion until after the effective date, but offering to negotiate a longer briefing schedule if the Secretary would agree to stay enforcement of HB 156 in the interim*. Id.* Secretary Gray's counsel never responded to that proposal.

This afternoon, the Secretary filed his motion for an extension.

## ARGUMENT

The Federal Rules allow extensions of time "for good cause." Fed. R. Civ. P. 6(b)(1). "Good cause" exists "in situations in which there is no fault—excusable or otherwise," requiring "the moving party to show the deadline 'cannot be met despite the movant's diligent efforts.'" *Utah Republican Party v. Hebert*, 678 Fed. App'x 697, 701 (10th Cir. 2017) (quoting *Gorsuch,*

*Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). The Secretary has not (and cannot) meet this standard. The Secretary has been fully aware of the motion and represented by experienced counsel from the Attorney General's office, as provided under Wyoming law. Even so, when Secretary Gray's outside counsel first contacted them late on Friday night, Plaintiff's counsel offered to negotiate an extended briefing schedule if the Secretary would agree to stay enforcement of HB 156 until this Court can make its ruling. Secretary Gray's counsel never responded to that offer. Given these circumstances, the Secretary's motion should be denied. In the alternative, Plaintiff seeks leave to re-file its pending motion as a motion for a temporary restraining order so that Plaintiff may obtain relief before HB 156's effective date.

**A.     There is no good cause for the Secretary's requested modification to the schedule.**

Secretary Gray does not claim that he was unaware of this lawsuit or the motion for a preliminary injunction. Nor could he. Well before requesting this extension, the Secretary repeatedly made clear through public statements that he was aware of the motion, planned to use outside counsel, and was already working to prepare his defense. *See supra* note 4 at 9:20-9:42.

Meanwhile, in the weeks both before and after filing the preliminary injunction motion, Plaintiff's counsel communicated regularly with lawyers at the Attorney General's office who affirmatively stated that they represented the Secretary in this matter, consistent with Wyoming law. *See* Ex. 7 at 6 (email from Deputy Attorney General stating, "[Another Deputy] and I, along with other attorneys in our office, will be handling this matter for the Secretary of State"); *see also* Wyo. Stat. § 9-1-603(a)(iii) (providing that the Attorney General's Office defends state officials in civil lawsuits). Even after informing Plaintiff's counsel on May 26 that they were working to secure outside counsel for the Secretary, counsel from the Attorney General's office stated that they "w[ould] continue to manage [this case] until that can occur." *Id.* at 1.

6

Secretary Gray's motion omits all of this. Instead, the Secretary claims that he has been prejudiced by Plaintiff's purported delays in service. Doc. 25 at 2. This makes no sense. As detailed above, Plaintiff's counsel promptly contacted the Attorney General's Office—the entity with the statutory authority to represent Secretary Gray—to inquire about service before any attorney had even entered an appearance in this case. Ex. 7 at 6. Plaintiff did not execute personal service because Secretary Gray's attorney stated on May 15 that she "anticipate[d] providing the waiver [of service] for him." *Id.* As for the preliminary injunction filings, Plaintiff not only promptly sent them to Secretary Gray's counsel at the Attorney General's Office, but also agreed to file a supplemental certificate of service at the Deputy Attorney General's request, starting the clock for Secretary Gray's response on May 28, rather than when Plaintiff filed the motion on May 23 or when Plaintiff's counsel first sent it to Secretary Gray's attorneys by email on May 25. *See* Ex. 7 at 1; Doc. 18. And even after that delay, this Court provided the Secretary more time than the Local Rules allow by default when it entered its briefing order on May 30.[5] *Compare* Doc. 19, *with* Local Rule 7.1(b)(2)(A).

Beyond this, the only apparent basis for Secretary Gray's requested extension is that he recently acquired outside counsel. *See* Doc. 25 at 3. But the Secretary has done so out of preference, not necessity. Both of the Deputy Attorneys General with whom Plaintiff's counsel conferred prior to the appearance of the Secretary's new counsel are experienced attorneys who

---

[5] Secretary Gray's suggestion that Plaintiff has failed to serve the county clerks is also untrue. The clerks are represented by 23 separate county attorneys, and with the assistance of Secretary Gray's attorneys at the Attorney General's office, Plaintiff initiated contact with all of them and provided them with copies of the legal filings and waivers of service, which Plaintiff has been filing on a rolling basis as they are executed. *See* Docs. 20, 22, 23, 26. Moreover, based on conversations with county counsel, Plaintiff anticipates that the counties will defer to the Secretary in his defense of HB 156 and will not separately engage in substantive briefing in the case. Notably, *none* of the counties have requested an extension of time to address the preliminary injunction motion, nor have any indicated to Plaintiff's counsel that they intend to do so.

have ably defended election regulations—including on behalf of *this Secretary*—in federal trial and appellate courts. *See, e.g.*, *Wyoming Gun Owners v. Gray*, 83 F.4th 1224 (10th Cir. 2023) (representing Secretary Gray and others in lawsuit challenging Wyoming campaign finance law); *Frank v. Lee*, 84 F.4th 1119 (10th Cir. 2023) (representing a former Secretary in challenge to an electioneering ban); *Frank v. Gray*, No. 2:20-CV-00138-KHR, 2024 WL 3338971 (D. Wyo. July 9, 2024) (representing Secretary Gray on remand in challenge to electioneering ban); *Wyoming Gun Owners v. Buchanon*, 592 F. Supp. 3d 1014 (D. Wyo. 2022) (representing a former Secretary in challenge to campaign finance law in this Court). Thus, whatever the reason for the Secretary's decision to forgo representation by the capable counsel in the Attorney General's office, it cannot justify his request that the briefing schedule now be substantially delayed.

Finally, the extension the Secretary seeks is unreasonably long. The Local Rules provide a 14-day deadline to respond to a preliminary injunction motion. Local Rule 7.1(b)(2)(A). The Court's scheduling order already provided an enlarged response period. Doc. 19. Yet the Secretary now seeks an additional *three weeks* to file his opposition. He claims that he needs this time to respond to the materials submitted in support of the motion, but in reality this is a simple case: the Tenth Circuit previously found unconstitutional a DPOC law that—by the Secretary's own repeated admissions—was far more lenient than HB 156. *See Fish v. Schwab*, 957 F.3d 1105 (10th Cir. 2020). Thus, as this Court has already determined, "the issues presented are primarily questions of law." Doc. 19.[6]  In short, nothing here justifies such a significant departure from the rules. The Court was right the first time when it set this matter to be briefed in June, so that it could

---

[6] Although the Secretary also cites the length of Plaintiffs' exhibits to justify the extension he seeks, Doc. 25 at 3, more than half of those pages consist of his own press releases, his own correspondence, and transcripts of legislative hearings where he personally appeared, *see* Docs. 16-2–16-6; 16-8–16-10; 16-34, 16-37; *see also* Doc. 16-1 (exhibit Index).

be decided by the law's implementation date.

### B.     Granting the Secretary's request would prejudice the Plaintiff.

Granting the Secretary's request would also prejudice the Plaintiff, an important consideration when evaluating an extension request. *See, e.g.*, *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016). As Plaintiff has explained, if HB 156 goes into effect as scheduled, Plaintiff and its members and constituents will suffer irreparable harm, burdening Plaintiff's constituents' right to vote and frustrating Plaintiff's ability to carry out its mission. *See* Doc. 16 at 21–24.

The Secretary does not deny that, if his motion is granted, the state will begin rejecting voter registrations without DPOC on July 1. But he dismisses this concern because Wyoming permits same-day registration, implying that a rejected voter may simply return and register after an injunction issues, and thus the earliest irreparable harm would accrue is August 19. Doc. 25 at 3. This ignores a plethora of practical issues, including that voters who are turned away may not try again, believing they will be rejected and that voters are not always able to register to vote on election day. Recognizing these barriers, the Tenth Circuit has found that denial of voter registration is irreparable harm of the sort that preliminary injunctions exist to prevent. *See Fish v. Kobach*, 840 F.3d 710, 752–53 (10th Cir. 2016) (explaining that "denial of [the right to vote] weighs heavily in determining whether plaintiffs would be irreparably harmed absent an injunction," as does the "chilling effect" of denying voter registration, which "discourage[es] otherwise qualified citizens, once rejected, from reapplying"). Moreover, the Secretary entirely ignores the harm that will befall Plaintiff as an entity, which will be forced to divert resources away from other priorities to address the law's effects. Doc. 16 at 21–24; *see Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) (finding irreparable harm where "organizational plaintiffs ha[d] shown ongoing harms to their organizational missions as a result of the

[challenged] statute").

As noted above, Plaintiff's counsel offered to consent to an extended timeline if Secretary Gray would agree to stay implementation of HB 156 so that Plaintiff could avoid these prejudicial effects while this Court considers its motion. Secretary Gray's counsel never responded to that proposal. The delay the Secretary now requests would make it impossible for Plaintiff to obtain the relief it seeks—an injunction *before* the law goes into effect.

### C.     In the alternative, Plaintiff should be permitted to file a TRO.

In the alternative, should the Court be inclined to extend the briefing schedule or reconsider its decision as to argument, Plaintiff would request that it be permitted to refile its preliminary injunction motion as a motion for a temporary restraining order so that the Court can enjoin implementation of the law while it sets a longer schedule to decide the preliminary injunction motion. This would allow the Secretary the time he believes he needs to respond to the motion without forcing Plaintiff and its members to suffer the consequences of the Secretary's delay.

## CONCLUSION

For the foregoing reasons, the Court should deny the motion to extend the briefing schedule.

Dated: June 10, 2025                    Respectfully submitted,

/s/ Elisabeth C. Frost
Darold W. Killmer, No. 8-6643
Reid Allison*
Maddie Lipps*
**Killmer Lane, LLP**
1543 Champa St., Suite 400
Denver, CO 80202
dkillmer@killmerlane.com
(303) 571-1000

Elisabeth C. Frost*
Katie Chamblee-Ryan*
Daniel Cohen*
Nicole Wittstein*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20002
efrost@elias.law
kchambleeryan@elias.law
dcohen@elias.law
nwittstein@elias.law
(202) 968-4490

*Admitted Pro Hac Vice*

*Attorneys for Plaintiff*
*Equality State Policy Center*

## CERTIFICATE OF COMPLIANCE

This brief complies with Wyoming Local Civil Rule 7.1(b)(1)(C) because it contains 10 pages, not including the signature block, certificate of service, and this certificate.

This 10th day of June, 2025.

*/s/ Elisabeth C. Frost*
Elisabeth C. Frost

**CERTIFICATE OF SERVICE**

I certify that on the 10th day of June, 2025, I electronically filed the foregoing opposition brief with the Clerk of Court for the United States District Court for the District of Wyoming by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Plaintiff has provided a copy of this brief to counsel for Defendants who have not yet appeared in CM/ECF via email.

This 10th day of June, 2025.

*/s/ Elisabeth C. Frost*
Elisabeth C. Frost