

**FILED**

11:29 am, 6/12/25

**Margaret Botkins
Clerk of Court**

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

EQUALITY STATE POLICY CENTER,

      Plaintiff,

      v.

CHUCK GRAY, in his official capacity as
Wyoming Secretary of State, *et al.*,

      Defendants.

Case No. 25-CV-117-SWS

## ORDER GRANTING EXTENSION OF TIME IN PART AND DENYING REQUEST FOR HEARING

      This matter comes before the Court on Defendant Chuck Gray's Motion for an Order Extending Deadlines and Reconsideration of its Order that the Plaintiff's Motion for Preliminary Injunction be Decided on the Papers (ECF 25). Plaintiff opposes any extension of the briefing schedule and takes no position on the request for a hearing (ECF 30), and Defendant Gray replied (ECF 36). Having considered the parties' positions, reviewed the record herein, and being otherwise fully advised, the Court determines a partial extension of time for briefing is warranted and continues to find a hearing on the preliminary-injunction request is not.

      Plaintiff challenges the constitutionality of Wyoming House Bill 156, which requires a Wyoming voter to display "proof of United States citizenship" and "proof of [Wyoming] residence" in order to register to vote in an election. House Bill 156 identifies certain documents that may be used by a voter to establish their citizenship and residence. House Bill 156 was passed by the Wyoming Legislature and enacted into law without signature or veto of the Wyoming Governor. It is set to take effect on July 1, 2025.

On May 23, 2025, a couple of weeks after filing this lawsuit, Plaintiff filed a motion for preliminary injunction to preclude HB 156 from going into effect during the pendency of this action. (ECF 15.) The Court determined the issues presented in the motion are primarily questions of law and an evidentiary hearing on the motion would not materially assist the Court in its determination. (ECF 19.) Consequently, the Court set a schedule for the parties to submit their briefing on the motion. (*Id.*) Defendant Chuck Gray, the Wyoming Secretary of State, now asks for an extension of time in which to submit his opposition to the motion and he asserts a hearing is necessary to develop the material facts. (ECF 25.)

The Court may extend a deadline "for good cause." Fed. R. Civ. P. (b)(1). To establish good cause, Defendant Gray must show "some reasonable basis for noncompliance within the time specified," "usually occasioned by something that is not within the control of the movant." *Utah Republican Party v. Herbert*, 678 Fed. App'x 697, 700 (10th Cir. 2017) (quoting *Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 175 (10th Cir. 1996), and *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004)).

When this lawsuit was initiated Defendant Gray was represented by the Wyoming Attorney General's Office. (ECF 30-7 p. 7.) However, the Wyoming Attorney General's Office has since contracted with "outside counsel" to provide Defendant Gray's defense, and outside counsel received their appointments as Special Assistant Attorneys General on June 6, 2025. (ECF 30-7 p. 2; ECF 30-11 p. 3.) The Court finds adequate good cause to extend the briefing schedule to ensure Defendant Gray's new counsel have sufficient time to respond to the motion for preliminary injunction.

To be sure, outside counsel's assertion that they need additional time to prepare a defense to the preliminary-injunction request is certainly undercut by Defendant Gray's public statements

on May 27, 2025 that he was then in the process of working with outside counsel "on preparing that vigorous defense on the preliminary injunction."[1] Nightly Scroll w/ Hayley Caronia, Episode 56, *Anti-Trump Lawyer FIGHTS for Illegals to Vote in WY* (May 27, 2025), at 9:08-9:42, available at https://rumble.com/v6tyh9h-anti-trump-lawyer-fights-for-illegals-to-vote-in-wy-nightly-scroll-w-hayley.html. For this reason, the Court does not find outside counsel's request for an additional three weeks is necessary and instead will limit the extension of time.

Outside counsel's claim that "Plaintiff's delay in serving Defendant Gray with its Complaint and subsequent Motion for Preliminary Injunction has severely prejudiced Secretary Gray's ability to properly contest the Motion for Preliminary Injunction" (ECF 25 p. 2) is not well taken. Plaintiff's counsel has ensured Defendant Gray and his attorneys have been well informed of the complaint and the motion. (*See* ECF 30-7, 30-10.) Indeed, Defendant Gray has publicly discussed the lawsuit and the preliminary-injunction request multiple times. (*See, e.g.,* ECF 30-1 (Defendant Gray posting a picture of the complaint on social media the day the complaint was filed); ECF 30-3 (news article quoting Defendant Gray discussing the claims the day after the lawsuit was filed). By his own words, Defendant Gray has been preparing his defense to the motion for preliminary injunction since at least May 27, 2025. The Court finds no prejudice caused by Plaintiff concerning this issue, and any prejudice caused by the process of obtaining outside counsel is cured by the extension of the briefing schedule herein.

As for the request for a hearing, "Federal Rule of Civil Procedure 65(a) does not explicitly require that a hearing be held on a preliminary-injunction motion, and whether a hearing should be held is a matter for the Court's discretion." *Lawrence v. Colorado*, 455 F. Supp. 3d 1063, 1066

---

[1] This example serves as a good reminder to all parties and counsel that statements directly weighing on this lawsuit are better made only within this lawsuit rather than on social media. Defendant's extrajudicial statements certainly did not help his outside counsel's cause.

(D. Colo. 2020); see *Reynolds & Reynolds Co. v. Eaves*, 149 F.3d 1191, 1998 WL 339465, at \*3 (10th Cir. 1998) (unpublished table decision) (noting an absence of Tenth Circuit authority requiring "a district court to hold an evidentiary hearing prior to granting or denying a preliminary injunction").

The Court continues to find the questions presented in the motion for preliminary injunction are primarily questions of law and a hearing would not materially assist the Court in its determination. The fact that other district courts decided certain matters under the same applicable legal standard "after conducting lengthy trials" (ECF 25 p. 4) is irrelevant. The Court has never suggested a trial won't be had in this case, at which each side will be "afforded the opportunity to present evidence" (*id.*). Rather, the issue currently before the Court is a request for a preliminary injunction concerning whether to preclude HB 156 from being enforced during the pendency of this lawsuit. And on that issue, the parties are capable of submitting whatever testimony they desire through affidavit or declaration, especially considering the current extension of time, but the primary questions raised by the pending motion remain questions of law for which an evidentiary hearing would provide minimal, if any, assistance. *See Carbajal v. Warner*, 561 F. App'x 759, 764 (10th Cir. 2014) ("An evidentiary hearing, however, was unnecessary to resolve these legal issues.") (quoting *Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 538, 545 (10th Cir. 2000)).

**IT IS THEREFORE ORDERED** that Defendant Chuck Gray's Motion for an Order Extending Deadlines and Reconsideration of its Order that the Plaintiff's Motion for Preliminary Injunction be Decided on the Papers (ECF 25) is **GRANTED IN PART AND DENIED IN PART**. Defendants' deadline for responding to the motion for preliminary injunction is extended to **June 27, 2025**, with Plaintiff's reply due no later than **July 9, 2025**. Defendant Gray's request for hearing is **denied**. If Plaintiff determines it is necessary to submit a motion for temporary

restraining order in light of this extended briefing schedule, then so be it.

**ORDERED:** June 12, 2025.

Scott W. Skavdahl
United States District Judge