Thomas R. McCarthy*
Gilbert C. Dickey*
Conor D. Woodfin*
William Bock IV*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
tom@consovoymccarthy.com
gilbert@consovoymccarthy.com
conor@consovoymccarthy.com
wbock@consovoymccarthy.com

Dale Schowengerdt
(WY Bar 7-6408)
Landmark Law PLLC
7 West 6th Avenue, Suite 518
Helena, MT 59601
(406) 457-5496
dale@landmarklawpllc.com

*pro hac vice forthcoming

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

EQUALITY STATE POLICY CENTER,

*Plaintiff*,

v.

CHUCK GRAY, in his official capacity as Wyoming Secretary of State, et. al.,

*Defendants*,

REPUBLICAN NATIONAL COMMITTEE,

*Proposed Intervenor-Defendant.*

Case No: 1:25-cv-00117

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE
BY THE REPUBLICAN NATIONAL COMMITTEE

The Republican National Committee moves to intervene as a Defendant under Federal Rule of Civil Procedure 24. Plaintiff challenges the constitutionality of Wyoming's law requiring new applicants to show documentary proof of citizenship to register to vote. When similar groups challenged Arizona's documentary-proof-of-citizenship requirement on the same constitutional grounds in federal court, the RNC was granted intervention. *DNC v. Hobbs*, Doc. 18, No. 2:22-cv-1369 (D. Ariz. Aug. 23, 2022). The RNC's involvement has proven essential in that case; it has raised

arguments and appealed decisions that the state defendants wouldn't, and it secured emergency relief from the Supreme Court this past election cycle that each state defendant opposed. *See RNC v. Mi Familia Vota*, 145 S. Ct. 108 (2024).

Earlier this month, a federal court granted the RNC intervention as of right to defend the proof-of-citizenship requirement for the federal mail voter registration form established by executive order. *LULAC v. EOP*, Doc. 135 at 9, No. 1:25-cv-946 (D.D.C. June 12, 2025). The federal district court held that the RNC has a right to "intervene as a Defendant based on its interest in competing in fair contests for public office by registering, educating, and turning out voters." *Id.* It granted the RNC intervention by right to defend the President's documentary proof-of-citizenship requirement. *Id.*

The RNC's intervention in the Arizona and D.C. cases accords with an ocean of precedent recognizing that when a state's election laws are challenged in federal court, political parties should be granted intervention to protect their unique interests.[1] This Court should grant the motion for two independent reasons: the RNC satisfies the criteria for intervention by right under Rule 24(a)(2); and alternatively, permissive intervention is warranted under Rule 24(b) as the RNC's defenses share common questions of law and fact with the existing parties.

---

[1] *E.g., La Union del Pueblo Entero [LUPE] v. Abbott*, 29 F.4th 299, 309 (5th Cir. 2022); *New Ga. Project v. Raffensperger*, Doc. 39, No. 1:21-cv-1333 (N.D. Ga. June 4, 2021); *Int'l All. of Theater Stage Emps. Local 927 v. Lindsey*, Doc. 84, No. 1:23-cv-4929 (N.D. Ga. May 3, 2024); *United States v. Georgia*, Minute Order, No. 1:21-cv-2575 (N.D. Ga. July 12, 2021); *Ga. State Conf. of NAACP v. Raffensperger*, Doc. 40, No. 1:21-cv-1259 (N.D. Ga. June 4, 2021); *Wood v. Raffensperger*, Doc. 14, No. 1:20-cv-5155 (N.D. Ga. Dec. 28, 2020); *Black Voters Matter Fund v. Raffensperger*, Doc. 42, No. 1:20-cv-4869 (N.D. Ga. Dec. 9, 2020); *League of Women Voters of Ohio v. LaRose*, Doc. 25, No. 1:23-cv-2414 (N.D. Ohio Feb. 6, 2024); *Mont. Pub. Int. Rsch. Grp. v. Jacobsen*, Doc. 34, No. 6:23-cv-70 (D. Mont. Jan. 18, 2024); *Brown v. Detzner*, Minute Order, No. 3:12-cv-852 (M.D. Fla. Sept. 17, 2012); *Vote.Org v. Byrd*, Doc. 85, No. 4:23-cv-111 (N.D. Fla. May 26, 2023); *Harriet Tubman Freedom Fighters Corp. v. Lee*, Doc. 34, No. 4:21-cv-242 (N.D. Fla. July 6, 2021); *League of Women Voters of Fla. v. Lee*, Doc. 72, No. 4:21cv186 (N.D. Fla. June 4, 2021); *Fla. State Conference of Branches & Youth Units of the NAACP v. Lee*, Doc. 43, No. 4:21-cv-187 (N.D. Fla. June 8, 2021); *VoteVets Action Fund v. Detzner*, Doc. 16, No. 4:18-cv-524 (N.D. Fla. Nov. 11, 2018).

**INTERESTS OF PROPOSED INTERVENOR**

The RNC is a national committee as defined by 52 U.S.C. §30101 that manages the Republican Party's business at the national level, supports Republican candidates for public office at all levels nationwide—including in Wyoming, coordinates fundraising and election strategy, and develops and promotes the national Republican platform. The RNC's membership consists of the party chair, national committeeman, and committeewoman for each State and territory, including multiple representatives from Wyoming who are registered Wyoming voters. The RNC has interests in the rules and procedures governing Wyoming's elections. These interests are heightened given Wyoming's upcoming elections in just over a year for federal and state office in which over 210,000 Republicans are registered to vote.

**ARGUMENT**

**I.   The RNC has an unconditional right to intervene.**

The Tenth Circuit "has historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017). The RNC has a right to intervene in this case because the motion is timely, the RNC has an interest relating to the action that could be impaired, and no existing party adequately represents the RNC's interests. *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).

**A.   The motion is timely.**

The timeliness of a motion to intervene is assessed "in light of all the circumstances." *Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984). Even when a party is "two and a half years late" in moving to intervene, intervention may still be timely. *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1250-51 (10th Cir. 2001). Here, the RNC is moving to intervene less than two months following the filing of the complaint. The case is "far from ready for final disposition." *Id.* at 1251. So "intervention is timely." *Id.*

### B. The RNC has protected interests in this case.

As the national committee of the Republican Party who represents members, candidates, and voters across Wyoming, the RNC has "direct, substantial, and legally protectable" interests in this case. *Coal. of Ariz./N.M. Cntys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996) (internal quotation and citation omitted). Specifically, the RNC wants Republican voters to vote, Republican candidates to win, and Republican resources to be used effectively to achieve its mission. Such interests "are routinely found to constitute significant protectable interests." *Issa v. Newsom*, 2020 WL 3074351, at *3 (E.D. Cal. 2020); *e.g.*, *LUPE*, 29 F.4th at 306; *Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 586-87 (5th Cir. 2006); *Bost v. Ill. State Bd. of Elections*, 75 F.4th 682, 687 (7th Cir. 2023); *Crawford v. Marion Cty. Election Bd.*, 472 F.3d 949, 951 (7th Cir. 2007). All these interests are at stake in the present case.

*First*, the RNC has an interest in Republican voters voting. This case implicates that legally protectable interest as a ruling in Plaintiff's favor would do grave damage to the integrity of Wyoming's election system and to the confidence that Republican voters have in that system. Defending "the lawfulness" of the election rules that Plaintiff challenges and "protecting the integrity of [Wyoming's] elections" alone is a sufficient interest to justify intervention by the RNC in this case. *Black Voters Matter Fund*, No. 1:20-cv-4869, Doc. 42 at 5. Rules like the one Plaintiff challenges here serve "the integrity of [the] election process," *Eu v. S.F. Cty. Democratic Cent. Comm.*, 489 U.S. 214, 231 (1989), and the "orderly administration" of elections, *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 196 (2008) (op. of Stevens, J.). The RNC has a "direct and substantial interest" in this case because it will "affect" the RNC's "ability to participate in and maintain the integrity of the election process in [Wyoming]." *LUPE*, 29 F.4th at 306. Safeguarding Republican voter confidence in the legitimacy of Wyoming's electoral process also necessitates RNC intervention. This confidence has "independent significance" as a protectible interest. *Crawford*, 553 U.S. at 197. It "is essential to the functioning of

our participatory democracy." *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006). And it is essential to Republican voter turnout that federal courts don't enjoin duly enacted laws that preserve the integrity of Wyoming elections. *Cf. id.*

*Second*, the RNC has an interest in Republican candidates winning. "The RNC has standing" to "defend those provisions of the [the challenged proof-of-citizenship requirement] that directly benefit the electoral prospects of Republican candidates for federal office." *LULAC*, Doc. 135 at 6, No. 1:25-cv-946. The RNC relies on Wyoming's voter-registration lists to determine its electoral strategy, the number of staff it needs in a given jurisdiction, the number of volunteers needed to contact voters, and how much it will spend contacting voters. If Wyoming's voter registration lists contain ineligible non-citizen registrations, then the RNC's electoral strategy will be based on flawed data that will hinder the electoral prospects of candidates running as Republicans. Plaintiff's requested relief, if granted, removes a barrier that prevents ineligible non-citizens from registering to vote. Since the RNC relies on accurate voter rolls that don't contain the registrations of ineligible non-citizens to set the campaign strategy of Republican candidates, the RNC's interest in "advancing the overall electoral prospects" of Republican candidates is implicated by these proceedings. *Issa*, 2020 WL 3074351, at *3. Such an interest is "routinely found" to be protectable under Rule 24. *Id.*

*Third*, the RNC has an interest in Republican resources being spent effectively to achieve its mission. If this Court were to enjoin Wyoming's documentary proof-of-citizenship requirement, the RNC would need to divert resources from other mission-critical activities toward get-out-the-vote activities to reinspire Republican voter trust in Wyoming's electoral system, to independently verify the accuracy of Wyoming's voter registration rolls, and to educate voters and candidates concerning Wyoming's changed registration requirements. Safeguarding the RNC's mission-critical activities from costs associated with changes to election procedures is a legitimate "interest" under Rule 24(a)(2). *E.g.*, *Issa*, 2020 WL 3074351, at *3.

These interests are not too generalized. Not all Wyomingites have an interest in electing *Republicans* or conserving the resources of the *Republican Party*. In fact, Plaintiff relies on similar injuries to its "mission" and "resources" as a basis for standing. Compl. ¶¶19-25. If those interests are sufficient to support Plaintiff's standing, they are sufficient to satisfy the minimal interest requirement to justify the RNC's intervention.

### C. This action threatens to impair the RNC's interests.

Proceeding without the RNC "may as a practical matter impair [the RNC's] ability to protect [its] interest." Fed. R. Civ. P. 24(a)(2). Given their inherent and intense interest in elections, usually "[n]o one disputes" that political parties "meet the impaired interest requirement for intervention as of right." *Citizens United v. Gessler*, 2014 WL 4549001, *2 (D. Col. Sept. 15, 2014). To prove potential impairment, the RNC "need only show" that if it cannot intervene, "there is a possibility" that its "interest could be impaired." *LUPE*, 29 F.4th at 307. This case presents at least that "possibility." *Id.* Plaintiff's request for an injunction, if granted, would "change the entire election landscape for those participating." *Id.* It would "change what [the RNC] must do to prepare for upcoming elections," forcing the RNC to expend "resources to educate their members on the shifting situation in the lead-up to the 202[6] election." *Id.* Each of these potential practical impairments standing alone are enough to justify intervention. The RNC will plainly "suffer if the Government were to lose this case, or to settle it against [RNC] interests." *Mausolf v. Babbitt*, 85 F.3d 1295, 1302-03 (8th Cir. 1996).

Enjoining enforcement of Wyoming's documentary proof-of-citizenship requirement inhibits Wyoming's ability to conduct "accurate recordkeeping" by "carefully identifying all voters participating in the election process." *Cf. Crawford*, 553 U.S. at 196. This impairs the RNC's interest in accurate registration lists. *See supra*, pp. 5-6. Though Plaintiff argues there are no election integrity problems "involving noncitizens or otherwise" in Wyoming, Compl. at ¶4, "in resolving a motion to intervene," this Court "cannot assume" that Plaintiff "will ultimately prevail on the merits," *Pavek v.*

*Simon*, 2020 WL 3960252, at *3 (D. Minn. July 12, 2020). This Court must accept the RNC's defenses as correct. *Oneida Indian Nation of Wis. v. New York*, 732 F.2d 261, 265 (2d Cir. 1984).

The RNC's legally protectible interest "in competing in fair contests for public office by registering, educating, and turning out voters" is also at risk of impairment. *LULAC*, Doc. 135 at 9, No. 1:25-cv-946. This interest was enough to support the RNC's Article III standing, *id.*, a higher bar that the Tenth Circuit doesn't require here since the RNC doesn't "'pursue relief not requested' by an existing party," *see Kane Cnty. v. United States*, 928 F.3d 877, 886 (10th Cir. 2019). The RNC "could be burdened if the Court accepts the Plaintiffs' arguments that some provisions" of the challenged proof-of-citizenship requirement "cannot lawfully be implemented." *LULAC*, Doc. 135 at 9, No. 1:25-cv-946. "For example, a decision in the Plaintiffs' favor could result in an injunction barring the implementation of provisions that the RNC argues are beneficial to its members' ability to compete in federal elections. Therefore, the RNC has shown that the disposition of these cases could impair or impede its interests." *Id.* at 10.

To respond to the election-integrity problems that Plaintiff's requested relief would precipitate, the RNC would also be forced to spend substantial resources fighting inevitable confusion and galvanizing participation in the wake of the "consequent incentive to remain away from the polls." *Purcell*, 549 U.S. at 4-5. Those organizational costs are an independent injury (and one similarly invoked by Plaintiff, *e.g.*, Compl. ¶23). And "as a practical matter," Fed. R. Civ. P. 24(a)(2), this proceeding might be the only time that the RNC can litigate Plaintiff's claims before the next election. Since the RNC has "a real stake" in this case, intervention by right is warranted. *Hodgson v. UMWA*, 473 F.2d 118, 130 (D.C. Cir. 1972).

**D.     Defendants don't adequately represent the RNC's interests.**

Rule 24(a)(2) requires this Court to allow the RNC to intervene if existing party representation "'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich*

*v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (emphasis added). "[T]his showing is easily made when the party upon which the intervenor must rely is the government." *Utah Ass'n of Ctys.*, 255 F.3d at 1254.

"[N]o other party in this case will 'adequately represent' the RNC's interests." *LULAC*, Doc. 135 at 10, No. 1:25-cv-946. The RNC "seeks to intervene in part" to "advance its own partisan objectives." *Id.* at 11. The State Defendants "are unlikely to be adequate representatives of these private, partisan interests." *Id.* No current party to this case adequately represents the RNC's interest in promoting Republican candidates' electoral success, supporting Republican voters, and conserving Republican Party resources. Defendants are Wyoming state officials, who must necessarily represent "the public interest." *Coal. of Ariz./N.M. Cntys.*, 100 F.3d at 845. By contrast, the RNC's interest is inherently "partisan." *LUPE*, 29 F.4th at 309. "Neither the State nor its officials can vindicate such an interest while acting in good faith." *Id.*

State Defendants have no interest in the election of Republican candidates, the mobilization of Republican voters, or the costs associated with either. Instead, as state officials acting on behalf of Wyoming citizens and the State itself, the State Defendants must consider a range of interests likely to "diverge" from the RNC. *Utah Ass'n of Ctys.*, 255 F.3d at 1255. Those clashing interests include the interests of Plaintiff, "the expense of defending the current [rules] out of [state] coffers," *Clark v. Putnam Cnty.*, 168 F.3d 458, 462 (11th Cir. 1999), and "the social and political divisiveness of the election issue" to the State, *Meek v. Metro. Dade Cnty.*, 985 F.2d 1471, 1478 (11th Cir. 1993). By contrast, the RNC cares about this case's effect on the Republican Party, Republican candidates, and Republican voters. Thus, the government's representation of the public interest "cannot be assumed to be identical to the individual parochial interest of [the RNC] merely because both entities occupy the same posture in the litigation." *Utah Ass'n of Ctys.*, 255 F.3d at 1256.

## II. Alternatively, the RNC is entitled to permissive intervention.

Regardless of whether the Court finds the RNC can intervene by right, permissive intervention is justified under Rule 24(b). The RNC's "claim or defense" shares with "the main action a common question of law or fact." Fed. R. Civ. P. 24(b). And the RNC's intervention will not "unduly delay or prejudice" the case. *Id.* Permissive intervention is the simplest path for this Court to grant the RNC's motion, as the Court need not even find the RNC is inadequately represented. *Black Voters Matter*, No. 1:20-cv-4869, Doc. 42 at 5.

Rule 24(b)'s requirements are met here. The RNC will raise defenses sharing common questions of law and fact with the existing parties. Plaintiff alleges that Wyoming's documentary proof-of-citizenship requirement violates the First and Fourteenth Amendments. Compl. at 44-46. The RNC denies each of these allegations. The RNC's defenses and those brought by State Defendants turn on the same legal issue: the legal validity of the challenged law.

Moreover, the RNC's intervention won't cause undue delay or prejudice anyone. There is no undue delay as this case is in its earliest stage. Even where a Court has already resolved a motion for preliminary injunction, the RNC's intervention does not cause undue delay because the RNC is filing a proposed answer to Plaintiff's Complaint, "which can be docketed without delay" and that filing "would place the RNC in the same procedural posture as the [State] Defendants." *LULAC*, Doc. 135 at 9, No. 1:25-cv-946. "Under these circumstances, the timing of the RNC's motion will not unfairly disadvantage any party." *Id.* "Whatever additional burdens adding the [RNC] to this case may pose, those burdens fall well within the bounds of everyday case management." *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 200 (2022). The RNC also commits to complying with whatever briefing schedule the Court imposes, "a promise" that undermines claims of undue delay. *Emerson Hall Assocs. v. Travelers Casualty Ins. Co. of Am.*, 2016 WL 223794, *2 (W.D. Wis. Jan. 19, 2016). Ultimately, the

9

RNC's intervention may aid the Court, providing "perspective that others miss or choose not to provide." *Nielsen v. DeSantis*, 2020 WL 6589656, at *1 (N.D. Fla. May 28, 2020).

## CONCLUSION

For the foregoing reasons, the RNC respectfully requests that the Court grant this motion and allow the RNC to intervene as a Defendant.

Dated: June 26, 2025

Respectfully submitted,

*/s/ Dale Schowengerdt*

Thomas R. McCarthy*
Gilbert C. Dickey*
Conor D. Woodfin*
William Bock IV*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
gilbert@consovoymccarthy.com
conor@consovoymccarthy.com
wbock@consovoymccarthy.com

Dale Schowengerdt
(WY Bar 7-6408)
Landmark Law PLLC
7 West 6th Avenue, Suite 518
Helena, MT 59601
(406) 457-5496
dale@landmarklawpllc.com

**pro hac vice* forthcoming

*Counsel for Proposed Intervenor-Defendant
The Republican National Committee*

**CERTIFICATE OF CONFERRAL**

In accordance with Local Rule 7.1(b)(1)(A), Counsel for Proposed Intervenor-Defendant certifies that on June 24, 2025, Counsel for the RNC conferred with Counsel for Plaintiff and Counsel for Defendants concerning this Motion to Intervene. Counsel for Plaintiff represents that Plaintiff opposes the motion. Counsel for Defendant Gray consents to the Motion. Counsel for Teton, Natrona, Laramie, Fremont, County Defendants have no objection to the Motion.

/s/ *Dale Schowengerdt*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 26, 2025, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will also send a notice of electronic filing to all counsel of record. Those parties who have not yet appeared will be served via email.

/s/ *Dale Schowengerdt*