Darold W. Killmer, No. 8-6643
Reid Allison*
Madison Lips*
**KILLMER LANE, LLP**
1543 Champa St., Suite 400
Denver, CO 80202
dkillmer@killmerlane.com, rallison@killmerlane.com, mlips@killmerlane.com
Tel: (303) 571-1000

Elisabeth C. Frost*
Katie Chamblee-Ryan*
Daniel Cohen*
Nicole Wittstein*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20002
efrost@elias.law, kchambleeryan@elias.law, dcohen@elias.law, nwittstein@elias.law
Tel: (202) 968-4490

*Admitted pro hac vice*
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| **EQUALITY STATE POLICY CENTER,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| **CHUCK GRAY**, in his official capacity as Wyoming Secretary of State, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 25-cv-00117-SWS

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION OF THE ARIZONA STATE LEGISLATURE, STATE OF MONTANA, STATE OF KANSAS, 22 OTHER STATES, & GUAM FOR LEAVE TO PARTICIPATE AS AMICI CURIAE**

---

Plaintiff opposes the motion for leave to appear as amici curiae because amicus participation at this juncture would cause unnecessary delay and prejudice the Plaintiff; the Defendant is adequately represented by competent counsel who do not require the assistance of

amici; and the proposed amicus brief is not useful to the Court. In the alternative, Plaintiff respectfully requests that it be allowed to file a joint reply and response to the Secretary's opposition to the preliminary injunction motion and amicus of no more than fifteen (15) pages. This amounts to fewer pages total than Plaintiff would be permitted under the default rules to respond to both briefs but will allow for an efficient response to arguments overlapping across both briefs. Given that the challenged law's effective date is this coming Tuesday, July 1, Plaintiff intends to file its reply brief by no later than **Monday, June 30**, to help facilitate a speedy disposition of the pending preliminary injunction motion.

The appearance of amici is a matter of privilege, not a right, and the Court has broad discretion to deny a motion for leave to appear as amicus curiae. *See, e.g.*, *N.M. Oncology and Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 994 F.3d 1166, 1175–76 (10th Cir. 2021); *United States v. Bd. of Cnty. Comm'rs*, 184 F. Supp. 3d 1097, 1115 (D.N.M. 2015); *Tribe v. Ashe*, No. 11-CY-347-J, 2012 WL 12915483, at *2 (D. Wyo. May 18, 2012). Courts look to Federal Rule of Appellate Procedure 29, which governs amicus curiae participation in appeals, for guidance in determining whether to grant such a motion and consider several factors:

> (1) whether the proposed *amicus* is a disinterested entity; (2) whether there is opposition to the entry of the *amicus*; (3) whether counsel is capable of making arguments without the assistance of an *amicus*; (4) the strength of the information and argument presented by the potential *amicus curiae*'s interests; and, perhaps most importantly (5) the usefulness of information and argument presented by the potential *amicus curiae* to the court.

*Holman v. Future Growth, LLC*, No. 24-cv-1012-EFM-TJJ, 2024 WL 3413864, at *1 (D. Kan. Jul. 15, 2024) (quotation omitted).

Each of the above factors weigh against participation of the proposed amicus in this case, and the Court would be justified in rejecting the motion. The Defendant Secretary of State has obtained outside counsel that he believes are best positioned to defend his interests and the law,

ECF No. 30 at 4, and who are competent and "capable of making arguments without the assistance of an amicus." *Holman*, 2024 WL 341864, at *1. Indeed, it is because of that decision that the Court extended its original preliminary injunction briefing schedule. In doing so, however, Plaintiff doubts that it meant to invite a variety of additional briefing from third parties to be filed on this extended schedule.

But perhaps most importantly, the proposed amici are primarily other states, none of whom has any responsibilities for enforcing Wyoming's HB 156, nor any specific interest in defense of it. Their brief speaks largely in generalities, ignoring what the Defendant here has repeatedly and proudly emphasized about the Wyoming law and its unique strictures that make it *more* (not less) likely to burden and disenfranchise lawful eligible citizens in voting in Wyoming. Nor does the brief address many of the unique features of the Wyoming election landscape that make the law here more likely to threaten a far greater proportion of voters than other variations that have been imposed in other states.

At bottom, the amici fail to offer any "unique" perspective on the issues that this Court must decide about Plaintiff's likelihood of success on their challenges to the Wyoming law, and certainly nothing that the Secretary himself could not assert in his shortly forthcoming response brief. *See Wildearth Guardians v. Lane*, No. CIV 12-118 LFG/KBM, 2012 WL 10028647, at *4 (D.N.M. June 20, 2012) (declining leave to file amicus brief where proposed brief was duplicative and it was "neither a situation where a party is not represented competently or not represented at all, nor where an amicus can present unique information to help the Court in a way that is beyond the parties' attorneys' ability to provide"). Nor have they cited other ongoing litigation that might be affected by the Court's decision in this case. *See Hale v. Marques*, No. 1:19-cv-00752-WJM-SKC, 2020 WL 2309619, at *17 (D. Colo. Feb. 3, 2020) (denying leave to file an amicus brief in

part because proposed amicus "has not argued that the resolution of this case will affect his interests in a different lawsuit"). Instead, amici's interest appears to be primarily in avoiding the creation of precedent that they simply do not like.

Courts in the Tenth Circuit have also rejected motions for leave to participate as amicus curiae when granting leave would "extend the case's briefing schedule and delay the disposition of the case to the prejudice of the parties." *Friends of Animals v. U.S. Fish & Wildlife Serv.*, No. 4:18-cv-00053-DN-PK, 2021 WL 4440347, at *2 (D. Utah Sept. 28, 2021). Plaintiff filed this lawsuit nearly two months ago (ECF No. 1), and filed its preliminary injunction motion five weeks ago (ECF No. 15). The Court originally set a briefing schedule that would have been completed by now, but modified it at the Secretary's request after he engaged outside counsel and requested an extension on that basis on June 10, 2025. HB 156's effective date is now mere days away. Yet, potential amici waited to move for leave to participate until after briefing on the preliminary injunction motion was nearly complete. They have not argued that they recently learned of the case or their interest in the litigation, and they minimize the effect of their motion's timing on the proceedings. *See Friends of Animals*, 2021 WL 4440347, at *2. Their brief has nearly doubled the amount of opposition material Plaintiff must respond to four days before the law takes effect. While there may be time for amicus participation later in this case, participation at this juncture threatens to delay resolution of the preliminary injunction motion and cause irreparable harm to Plaintiff. *See, e.g.*, ECF No. 16 at 26–29, Thus, concerns of prejudice, too, also counsel against proposed amici's participation at this stage in the proceedings.

Plaintiff has acted diligently to ensure that this matter is ripe for the Court's resolution before HB 156's effective date, and that will not stop now. Although the Court's revised briefing schedule gave Plaintiff until July 9 to file a reply in support of their preliminary injunction motion,

4

Plaintiff intends to file that brief by no later than this coming Monday, June 30. Thus, if the Court is inclined to accept the amicus brief at this stage despite its late date, Plaintiff respectfully requests that it be allowed to file a joint reply and response of no more than fifteen (15) pages to address both the Secretary's response and the amicus brief in the same filing. Under the Local Rules, Plaintiff would normally be entitled to file a separate response brief of 10 pages to the amicus brief, L.R. 7.1(b)(2)(C) and (G), but in the interest of efficiency, and in an effort to minimize the amount of pages that the Court must review, Plaintiff submits that this modest extension of its reply would be appropriate.

Dated: June 27, 2025

Respectfully submitted,

*/s/ Elisabeth C. Frost*
Elisabeth C. Frost*
Katie Chamblee-Ryan*
Daniel Cohen*
Nicole Wittstein*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20002
efrost@elias.law
kchambleeryan@elias.law
dcohen@elias.law
nwittstein@elias.law
(202) 968-4490

Darold W. Killmer, No. 8-6643
Reid Allison*
Madison Lipps*
**Killmer Lane, LLP**
1543 Champa St., Suite 400
Denver, CO 80202
dkillmer@killmerlane.com
(303) 571-1000

*Attorneys for Plaintiff*
*Equality State Policy Center*
*\*Admitted Pro Hac Vice*

5

## CERTIFICATE OF SERVICE

    I certify that on the 27th day of June, 2025, I electronically filed the foregoing notice with the Clerk of the Court for the United States District Court for the District of Wyoming by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                                */s/ Elisabeth C. Frost*
                                                Elisabeth C. Frost