Darold W. Killmer, No. 8-6643
Reid Allison*
Madison Lips*
**KILLMER LANE, LLP**
1543 Champa St., Suite 400
Denver, CO 80202
dkillmer@killmerlane.com, rallison@killmerlane.com, mlips@killmerlane.com
Tel: (303) 571-1000

Elisabeth C. Frost*
Katie Chamblee-Ryan*
Daniel Cohen*
Nicole Wittstein*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
efrost@elias.law, kchambleeryan@elias.law, dcohen@elias.law, nwittstein@elias.law
Tel: (202) 968-4490

**Admitted pro hac vice*
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **EQUALITY STATE POLICY CENTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **CHUCK GRAY**, in his official capacity as Wyoming Secretary of State, *et al.*, | ) | Civil Action No. 25-cv-00117-SWS |
| | ) | |
| Defendants. | ) | |

_____

## PLAINTIFF'S RESPONSE TO STATEMENT OF INTEREST
## OF THE UNITED STATES, AS AMICUS CURIAE
_____

The United States is entitled to share its perspective to advance "the interests of the United States" in suits pending in federal courts. 28 U.S.C. § 517. However, for questions "well within the province of the Judiciary," like the constitutional questions at issue here, Statements of Interest "merit no special deference." *Rep. of Austria v. Altmann*, 541 U.S. 677, 701 (2004) (quoting *INS v. Cardoza–Fonseca*, 480 U.S. 421, 446 (1987)); *see also Lopez-Aguilar v. Marion Cnty. Sheriff's*

*Dep't*, 296 F. Supp. 3d 959, 964 n.1 (S.D. Ind. 2017) (quoting *Altman* for same). Here, the Government's Statement of Interest is really beside the point.[1]

The United States does not take any position on whether this Court should grant Plaintiff's motion. *See generally* Doc. 93. Instead, it has submitted a Statement of Interest to "address[] the question of whether Wyoming's interests are legitimate" and to "submit[] that they are." Doc. 93 at 5. The Government then recites that "Wyoming has a legitimate interest in voter fraud" and in promoting voter confidence in the electoral process. *Id.* at 6–8.

Plaintiff does not dispute that preventing voter fraud or increasing voter confidence are legitimate state interests. But as the Tenth Circuit has explained, under the *Anderson-Burdick* framework that applies here, the Court "must look at more than whether the proffered interests are legitimate in the abstract" and instead "must ask whether the concrete evidence demonstrates that 'those interests make it necessary to burden the plaintiff's rights' in this case." *Fish v. Schwab*, 957 F.3d 1105, 1133 (10th Cir. 2020) *("Fish II")* (quoting *Burdick v. Takushi*, 504 U.S. 428, 434 (1992)). Thus, the Tenth Circuit found that Kansas's interest in preventing voter fraud could not justify its DPOC law when there was "essentially no evidence" to support this claim. *Id.* at 1134; *see also* Doc. 16 at 18–20.

As to the matter at hand—whether Wyoming's interests can justify the burdens imposed by this particular law, HB 156—the United States offers no analysis, except to state (again in the abstract) that "requiring documentary proof of citizenship to register to vote is a valid method for a State to achieve its interests in preventing fraud and safeguarding voter confidence in elections." Doc. 93 at 8. But the question before this Court is whether Plaintiff is likely to succeed on its

---

[1] The United States has statutory authority to file a Statement of Interest without seeking leave from the Court. *See* 28 U.S.C. § 517. Here, however, the United States has opted to seek leave to file as an amicus. Plaintiff therefore responds pursuant to Local Rule 7.1(b)(2)(A).

challenge to a law that is similar to, but stricter than, a law the Tenth Circuit previously found unconstitutional. *See generally Fish II*, 957 F.3d; *see also* Doc. 16 at 12. For the reasons Plaintiff has set forth in its briefing—none of which the United States disputes—the Constitution answers that it is.

Dated: July 7, 2025

Respectfully submitted,

*/s/ Elisabeth C. Frost*
Elisabeth C. Frost*
Katie Chamblee-Ryan*
Daniel Cohen*
Nicole Wittstein*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
efrost@elias.law
kchambleeryan@elias.law
dcohen@elias.law
nwittstein@elias.law
(202) 968-4490

Darold W. Killmer, No. 8-6643
Reid Allison*
Madison Lipps*
**Killmer Lane, LLP**
1543 Champa St., Suite 400
Denver, CO 80202
dkillmer@killmerlane.com
(303) 571-1000

*Attorneys for Plaintiff*
*Equality State Policy Center*
*\*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I certify that on the 7th day of July, 2025, I electronically filed the foregoing notice with the Clerk of the Court for the United States District Court for the District of Wyoming by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Elisabeth C. Frost*
Elisabeth C. Frost