Bryan A. Skoric (Wyo. State Bar #6-2834)
Dustin N. Slade (Wyo. State Bar #8-7156)
Office of the Park County and Prosecuting Attorney
1002 Sheridan Avenue
Cody, Wyoming, 82414

ATTORNEYS FOR DEFENDANT
COLLEEN RENNER, in her official capacity as
Park County Clerk.

Bryan A. Skoric (Wyo. State Bar #6-2834)
Dustin N. Slade (Wyo. State Bar #8-7156)
Office of the Park County and Prosecuting Attorney
1002 Sheridan Avenue
Cody, Wyoming, 82414

ATTORNEYS FOR DEFENDANT
COLLEEN RENNER, in her official capacity as
Park County Clerk.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **EQUALITY STATE POLICY CENTER,** )<br>)<br>Plaintiff, )<br>v. )<br>)<br>**CHUCK GRAY**, in his official capacity as )<br>Wyoming Secretary of State; )<br>**KAYLA WHITE**, in her official capacity as )<br>Albany County Clerk; )<br>**LORI SMALLWOOD**, in her official capacity as )<br>Big Horn County Clerk; )<br>**CINDY LOVELACE**, in her official capacity as )<br>Campbell County Clerk; )<br>**LISA SMITH**, in her official capacity as )<br>Carbon County Clerk; )<br>**KAREN RIMMER**, in her official capacity as )<br>Converse County Clerk; )<br>**MELISSA JONES**, in her official capacity as )<br>Crook County Clerk; )<br>**JULIE FREESE**, in her official capacity as )<br>Fremont County Clerk; ) | Civil Action No. 25-cv-00117-SWS |

| | |
|---|---|
| **MARY B. FEAGLER**, in her official capacity as Goshen County Clerk; | ) ) |
| **BECKY KERSTEN**, in her official capacity as Hot Springs County Clerk; | ) ) |
| **JACKIE CAMINO**, in her official capacity as Johnson County Clerk; | ) ) |
| **DEBRA LEE**, in her official capacity as Laramie County Clerk; | ) ) |
| **APRIL BRUNSKI**, in her official capacity as Lincoln County Clerk; | ) ) |
| **TRACY GOOD**, in her official capacity as Natrona County Clerk; | ) ) |
| **BECKY FREEMAN**, in her official capacity as Niobrara County Clerk; | ) ) |
| **COLLEEN RENNER**, in her official capacity as Park County Clerk; | ) ) |
| **MALCOLM J. ERVIN**, in his official capacity as Platte County Clerk; | ) ) |
| **EDA SCHUNK THOMPSON**, in her official capacity as Sheridan County Clerk; | ) ) |
| **CARRIE S. LONG**, in her official capacity as Sublette County Clerk; | ) ) |
| **CYNTHIA L. LANE**, in her official capacity as Sweetwater County Clerk; | ) ) |
| **MAUREEN MURPHY**, in her official capacity as Teton County Clerk; | ) ) |
| **AMANDA HUTCHINSON**, in her official capacity as Uinta County Clerk; | ) ) |
| **LILY RAKNESS PARRA**, in her official capacity as Washakie County Clerk; and | ) ) |
| **BECKY HADLOCK**, in her official capacity as Weston County Clerk, | ) ) |
| Defendants. | ) ) |

**MEMORANDUM IN SUPPORT OF
DEFENDANT COLLEEN RENNER'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1)**

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iv

BACKGROUND .................................................................................................................... 1

LEGAL STANDARDS .......................................................................................................... 3

    Rule 12(b)(1) Standing ..................................................................................................... 3

    Rule 12(b)(1) Ripeness ..................................................................................................... 3

    Rule 12(b)(1) Mootness ................................................................................................... 4

ARGUMENT .......................................................................................................................... 5

    The Court Lacks Jurisdiction Because ESPC Lacks Standing to Assert Its Claims Against Defendant Renner ................................................................................................ 5

    The Court Lacks Jurisdiction Because ESPC's Claims Are Unripe .............................. 7

    The Court Lacks Jurisdiction Because ESPC's Claims Are Moot. ............................... 9

CONCLUSION ..................................................................................................................... 10

CERTIFICATE OF SERVICE ............................................................................................. 11

TABLE OF AUTHORITIES

**Cases**

*Abbott Labs. v. Gardner*,
    387 U.S. 136 (1967) .................................................................................................. 8

*Bacote v. Fed. Bureau of Prisons*,
    119 F.4th 808 (10th Cir. 2024) ............................................................................ 4, 10

*Califano v. Sanders*,
    430 U.S. 99 (1977) .................................................................................................. 8

*Chapman v. N.Y. State. Div. for Youth*,
    227 F.R.D. 175, (N.D.N.Y.2005) ........................................................................... 2

*Chihuahuan Grasslands All. v. Kempthorne*,
    545 F.3d 884 (10th Cir. 2008) ............................................................................ 5, 10

*Cupe v. Lantz*,
    470 F. Supp. 2d 136, (D. Conn. 2007) .................................................................... 2

*Del Raine v. Carlson*,
    826 F.2d 698, (7th Cir. 1987) ................................................................................. 2

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
    528 U.S. 167 (2000) ............................................................................................... 3

*Initiative & Referendum Inst. v. Walker*,
    450 F.3d 1082 (10th Cir. 2006) ........................................................................... 4, 8

*Kan. Jud. Rev. Bd. v. Stout*,
    562 F.3d 1240 (10th Cir. 2009) .............................................................................. 4

*Lucero v. Bureau of Collection Recovery, Inc.*,
    639 F.3d 1239 (10th Cir. 2011) .............................................................................. 4

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ............................................................................................... 3

*McClendon v. City of Albuquerque*,
    100 F.3d 863 (10th Cir.1996) ............................................................................... 10

*Morgan v. McCotter*,
　365 F.3d 882 (10th Cir. 2004) _____ 4, 7

*Ohio Forestry Ass'n, Inc. v. Sierra Club*,
　523 U.S. 726 (1998) _____ 9

*Peck v. McCann*,
　43 F.4th 1116 (10th Cir. 2022) _____ 4, 7

*S. Utah Wilderness All. v. Palma*,
　707 F.3d 1143 (10th Cir. 2013) _____ 7, 8, 9

*Tribal Fletcher v. United States*,
　116 F.3d 1315 (10th Cir. 1997) _____ 5

*United States v. Juvenile Male*,
　564 U.S. 932 (2011) _____ 4, 10

*Utah Physicians for a Healthy Env't v. Diesel Power Gear, LLC*, 21 F.4th 1229 (10th Cir. 2021) _____ 3, 5, 7

*Wilderness Soc. v. Alcock*,
　83 F.3d 386 (11th Cir.1996) _____ 7, 8

*Willey v. Sweetwater Cnty. Sch. Dist. No. 1 Bd. of Trs.*,
　680 F. Supp. 3d 1250 (D. Wyo. 2023) _____ 3, 4, 5, 10

*Williams v. Slater*,
　317 F. App'x 723 (10th Cir. 2008) _____ 10

## Statutes

5 U.S.C. § 704 _____ 9

Wyoming Statute Ann. § 22-2-103 _____ 6

Wyoming Statute Ann. § 22-2-121(a) _____ 6

Wyoming Statute Ann. § 22-2-121(f) _____ 6

## Constitutional Provisions

U.S. Const. art. III _____ 1, 3

U.S. Const. art. III, § 2, cl. 1 _____ 3

**Rules**

Federal Rules of Civil Procedure, Rule 4 _____ 2

Federal Rules of Civil Procedure, Rule 4(d) _____ 2

Federal Rules of Civil Procedure, Rule 4(d)(3)_____ 2

Federal Rules of Civil Procedure, Rule 4(j)_____ 2

 Federal Rules of Civil Procedure, 12(b)(1)_____1, 3, 4, 10

COMES NOW, Defendant Colleen Renner ("Renner"), in her official capacity as Park County Clerk, by and through her undersigned counsel, and hereby submits this Memorandum in Support of Motion to Dismiss Plaintiff Equality State Policy Center's ("ESPC") Complaint for Declaratory and Injunctive Relief ("Complaint") under Federal Rules of Civil Procedure 12(b)(1) and would respectfully show:

## BACKGROUND

Despite its lack of standing under Article III of the United States Constitution[1], ESPC filed suit on May 9, 2025, seeking the extraordinary relief of a declaration and an injunction to stay the enforcement of Wyoming House Bill 156 ("HB 156"), a duly enacted election law that would require Wyoming residents to provide Proof of United States Citizenship ("DPOC") when registering to vote. *See* "Complaint for Declaratory and Injunctive Relief," Case 1:25-cv-00117, DKT 1.

Defendant Renner has taken no affirmative steps to enforce HB 156 and will take no steps to enforce HB 156 contrary to an order of this Court or any other court of competent jurisdiction.

Whether Defendant Renner is named as a defendant (along with 22 other county clerks) for; (1) optics and gamesmanship purposes; or (2) out of a misapprehension of pertinent law, is unclear. What is clear, and as further set forth below, is that her joinder is inappropriate.

---

[1] *See also Equality State Policy Center v. Chuck Gray*, Case No.: 25-cv-000117-SWS, "Defendant Chuck Gray's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1)," June 27, 2025, DKT 66, which Defendant Renner hereby joins as though she had filed the same in her own capacity as Defendant.

On June 6, ESPC sent Defendant Renner a request to execute a waiver of service form. June 6, 2025, email from Katie Chamblee Ryan, attached hereto as Exhibit "A-1".

The expense-shifting provisions of Rule 4's waiver-of-service mechanism do not apply to public servants who are sued in their official capacity. *See* Fed. R. Civ. P. 4(d) & (j); *Cupe v. Lantz*, 470 F. Supp. 2d 136, 138-9, including n.1 (D. Conn. 2007) (service upon governmental agencies and their employees is governed by Rule 4(j) and the waiver of service mandate is not applicable to such service) (citing *Chapman v. N.Y. State. Div. for Youth*, 227 F.R.D. 175, 179–80 (N.D.N.Y.2005) citing Rule 4 Advisory Committee Notes 1993 Amendment); *cf. Del Raine v. Carlson*, 826 F.2d 698, 703 (7th Cir. 1987) (suit against U.S. officers in their official capacity is suit against United States and service is required in such suits).

Nevertheless, to avoid burdening Plaintiff with having to effect service, Defendant Renner returned an executed waiver of service form. *See* "Waiver of the Service of Summons Regarding Complaint and Motion for Preliminary Injunction / Brief in Support," June 12, 2025, attached hereto as Exhibit "A-2".

Defendant Renner's Motion to Dismiss is timely. *See* Fed. R. Civ. P 4(d)(3) ("A defendant who . . . timely returns a waiver need not serve an answer . . . until 60 days after the request was sent.").

## LEGAL STANDARDS

### Rule 12(b)(1) Standing

"Article III of the Constitution limits the jurisdiction of the federal courts to 'Cases' and 'Controversies.'" *Utah Physicians for a Healthy Env't v. Diesel Power Gear, LLC*, 21 F.4th 1229, 1241 (10th Cir. 2021) (quoting U.S. Const. art. III, § 2, cl. 1).

A plaintiff can satisfy the constitutional elements of standing by presenting: (1) an actual or imminent injury that is concrete and particularized and that is not conjectural or hypothetical; (2) that is also fairly traceable to the defendant's conduct; and (3) redressable by a judgment in the plaintiff's favor. *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).[2]

"The party invoking the court's jurisdiction bears the burden of establishing these elements by the manner and degree of evidence required at each stage of the litigation." *Willey v. Sweetwater Cnty. Sch. Dist. No. 1 Bd. of Trs.*, 680 F. Supp. 3d 1250, 1269 (D. Wyo. 2023) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

### Rule 12(b)(1) Ripeness

---

[2] "Additional requirements must be satisfied when the plaintiff is an organization suing on behalf of its members" *Utah Physicians for a Healthy Env't v. Diesel Power Gear, LLC*, 21 F.4th 1229, 1241 (10th Cir. 2021). Defendant Gray addresses these requirements in his June 27, 2025, Motion to Dismiss, which Defendant Renner hereby joins and incorporates into her own Motion and Memorandum as though fully set forth herein.

"Standing and ripeness are closely related in that each focuses on whether the harm asserted has matured sufficiently to warrant judicial intervention." *Peck v. McCann*, 43 F.4th 1116, 1133 (10th Cir. 2022) (*Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1097 (10th Cir. 2006)).

"But unlike standing, ripeness issues focus 'not on whether the plaintiff was in fact harmed, but rather whether the harm asserted has matured sufficiently to warrant judicial intervention.'" *Peck v. McCann*, 43 F.4th 1116, 1133 (10th Cir. 2022) (quoting *Morgan v. McCotter*, 365 F.3d 882, 890 (10th Cir. 2004)).

**Rule 12(b)(1) Mootness**

"A corollary to Article III standing, mootness requires a live controversy and that plaintiff possess a personal interest in the outcome of the case throughout all stages of the proceedings." *Willey v. Sweetwater Cnty. Sch. Dist. No. 1 Bd. of Trs.*, 680 F. Supp. 3d 1250, 1270 (D. Wyo. 2023) (citing *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1242 (10th Cir. 2011); *Kan. Jud. Rev. Bd. v. Stout*, 562 F.3d 1240, 1245 (10th Cir. 2009)).

"The doctrine of mootness rests on a simple principle: the controversy that existed at litigation's commencement may dissipate before its conclusion." *Bacote v. Fed. Bureau of Prisons*, 119 F.4th 808, 812 (10th Cir. 2024) (citing *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011)).

Courts in the Tenth Circuit recognize two types of mootness: constitutional and prudential. *Id.* "A case becomes constitutionally moot if it ceases to 'present a real and substantial controversy with respect to which specific relief may be

fashioned.'" *Id. (quoting Tribal Fletcher v. United States*, 116 F.3d 1315, 1321 (10th Cir. 1997))

"A party claiming that there is no longer a live case or controversy bears the burden of demonstrating mootness." *Willey v. Sweetwater Cnty. Sch. Dist. No. 1 Bd. of Trs.*, 680 F. Supp. 3d 1250, 1270 (D. Wyo. 2023) (citing *Chihuahuan Grasslands All. v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008)).

## ARGUMENT

### I. The Court Lacks Jurisdiction Because ESPC Lacks Standing to Assert Its Claims Against Defendant Renner.

First, Plaintiff's alleged injuries as to Defendant Renner are conjectural and hypothetical, not actual, imminent, concrete, or particularized. *See Utah Physicians for a Healthy Env't v. Diesel Power Gear, LLC*, 21 F.4th 1229, 1241 (10th Cir. 2021).

Defendant Renner is mentioned twice in the entire Complaint: (1) in the caption; and (2) at paragraph 27 where she is mentioned as part of a class of "County Clerk Defendants" who are "being sued . . . for actions taken under color of law to enforce HB 156's DPOC requirements."

Yet the Complaint nowhere details what those "actions" are. Under its first claim for relief, "Undue Burden on the Right to Vote," the Complaint does not mention any individual clerks or the clerks as a class. DKT 1 at 44-46. Under its second claim for relief, "Unconstitutional Vagueness," the clerks are mentioned, but only for a prospective, hypothetical, and conjectural inconsistent enforcement of HB

156. In fact, the Complaint fails to clarify how and whether one or both of its causes of action applies among the 23 Defendants it names.

Furthermore, the Complaint must rest on two additional assumptions, which, taken together are based in unreasonable conjecture bordering on fantasy: (1) the Court will hold that HB 156 is unenforceable under some combination of the theories put forward in the Complaint; and (2) Defendant Renner will still continue to enforce HB 156 despite any court order enjoining Defendant Gray from enforcing the same.

Wyoming Statute provides that "[t]he secretary of state is the chief election officer for the state and shall maintain uniformity in the applications and operations of the election laws of Wyoming." Wyo. Stat. Ann. § 22-2-103. "In carrying out his responsibilities under title 22, the secretary of state shall prepare: (i) Written directives and instructions relating to and based on the election laws [and] (ii) Sample copies of prescribed and suggested forms." Wyo. Stat. Ann. § 22-2-121(a). Still further: "The secretary of state shall have the authority to issue directives to county election officers necessary to ensure the proper conduct of elections." Wyo. Stat. Ann. § 22-2-121(f)

Thus, if Secretary Gray is enjoined from enforcing HB 156, he will be responsible for "maintain[ing] uniformity in the application[] and operation[]" of such an injunction across the State of Wyoming. Wyo. Stat. Ann. § 22-2-103. County clerks will also be legally required to obey his directives in maintaining this uniformity. Wyo. Stat. Ann. § 22-2-121(f). Accordingly, the Complaint hinges on the

unlikely assumption that Defendant Renner (and the other clerks) will defy Secretary Gray's authority and continue to enforce HB 156 despite his instructions (and this Court's ruling) to the contrary. Furthermore, even if Secretary Gray defies a court order enjoining him from allowing the State of Wyoming to enforce HB 156 (an unfounded conjecture), the Complaint still rests on the hypothetical scenario that the county clerks will also defy a court order striking down HB 156.

The Complaint nowhere alleges any facts justifying such wild conjecture.

For the same reasons, there is no actual or imminent injury that is "fairly traceable to Defendant Renner's conduct. *See Utah Physicians for a Healthy Env't v. Diesel Power Gear, LLC*, 21 F.4th 1229, 1241 (10th Cir. 2021).

## II. The Court Lacks Jurisdiction Because ESPC's Claims Are Unripe.

Plaintiff's claims are unripe because "the harm asserted has [not] matured sufficiently to warrant judicial intervention.'" *See Peck v. McCann*, 43 F.4th 1116, 1133 (10th Cir. 2022) (quoting *Morgan v. McCotter*, 365 F.3d 882, 890 (10th Cir. 2004)).

"When determining ripeness, a court asks whether this is the correct *time* for the complainant to bring the action." *S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1157 (10th Cir. 2013) (emphasis in original) (quoting *Wilderness Soc. v. Alcock*, 83 F.3d 386, 390 (11th Cir.1996)).

"The doctrine of ripeness prevents courts 'from entangling themselves in abstract disagreements over administrative policies,' while also 'protect[ing] the agencies from judicial interference until an administrative decision has been

formalized and its effects felt in a concrete way by the challenging parties.'" *Id.* (*Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 97 (1977)).

However, just such entanglement is exactly what Plaintiff is asking this Court engage in. No "effects" of HB 156 have been "felt in a concrete way by" ESPC. How could they be? Wyoming has yet to hold an election where its terms are enforced.

Furthermore, "[i]n evaluating ripeness the central focus is on whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1158 (10th Cir. 2013) (quoting *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1097 (10th Cir. 2006)). Plaintiff's claims against Defendant Renner rely on multiple layers of conjecture, each dependent on the last. First, as more thoroughly discussed in Defendant Gray's Motion to Dismiss (DKT 66), the Complaint assumes that the predicted harm will occur. Second, it assumes the Court will not only agree, but also find that Plaintiff's claims against *Defendant Gray* are ripe. Third, it assumes that Defendant Renner will somehow defy Secretary Gray (not to mention this Court) in the event an injunction against enforcement of HB 156 is issued.

Additionally, in analyzing ripeness, courts must weigh "both the 'fitness of the issues for judicial decision' and the 'hardship to the parties of withholding court

consideration.'" *Id.* (quoting *Ohio Forestry Ass'n, Inc. v. Sierra Club,* 523 U.S. 726, 733 (1998) In doing so, courts consider:

> (1) whether the issues in the case are purely legal; (2) whether the agency action involved is "final agency action" within the meaning of the Administrative Procedure Act, 5 U.S.C. § 704; (3) whether the action has or will have a direct and immediate impact upon the plaintiff and (4) whether the resolution of the issues will promote effective enforcement and administration by the agency.

*Id.* (quoting *Coal. for Sustainable Res., Inc. v. U.S. Forest Serv.,* 259 F.3d 1244, 1250 (10th Cir.2001)).

First, the issues in this case are not purely legal, but depend on fact-intensive determination of whether HB 156 actually burdens the right to vote. Second, Defendant Renner's alleged prospective enforcement of HB 156 (particularly contrary to a hypothetical order of this Court) is also not a final agency action as it has not even occurred yet.[3] Third, as further discussed in Defendant Gray's Motion to Dismiss, the action "will [not] have a direct and immediate impact upon the plaintiff." Fourth, the Court's resolution of Plaintiff's claims against Defendant Renner will do nothing to "promote effective enforcement and administration" of the office of County Clerk. Her administrative duty is simple either way. If the Court enjoins enforcement of HB 156, she will not enforce it. If the court does not enjoin its enforcement, then she will.

### III. The Court Lacks Jurisdiction Because ESPC's Claims Are Moot.

---

[3] Section 101 of the Wyoming Administrative Procedure Act defines Defendant Renner as an "Agency": "any . . . officer or employee of the state, a county, city or town or other political subdivision of the state." Wyo. Stat. Ann. § 16-3-101.

Defendant Renner attaches hereto as Exhibit "B" a declaration that she will carry out her duties consistent with any order of the Court enjoining enforcement of HB 156. Thus, "the controversy that existed at litigation's commencement," to the extent there was any, "[has] dissipate[d] before its conclusion." *See Bacote v. Fed. Bureau of Prisons*, 119 F.4th 808, 812 (10th Cir. 2024) (citing *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011)); *see also Willey v. Sweetwater Cnty. Sch. Dist. No. 1 Bd. of Trs.*, 680 F. Supp. 3d 1250, 1270 (D. Wyo. 2023) ("A party claiming that there is no longer a live case or controversy bears the burden of demonstrating mootness.") (citing *Chihuahuan Grasslands All. v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008)).

Because "mootness is a matter of jurisdiction," the Court should grant Defendant Renner's Rule 12(b)(1) Motion to Dismiss. *See Williams v. Slater*, 317 F. App'x 723, 724 (10th Cir. 2008) (quoting *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir.1996)); Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction is a defense that may be submitted by motion).

## CONCLUSION

Because Plaintiff Equality State Policy Center lacks standing in the claims it brings against Defendant Renner, this Court does not have jurisdiction and must dismiss the Complaint. Even if Plaintiff did have standing, the Complaint must be dismissed under the doctrines of Ripeness and Mootness.

WHEREFORE, premises considered, Defendant Renner respectfully prays that Plaintiff's Complaint for Declaratory and Injunctive Relief Be Dismissed and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Dated this 14th day of July, 2025.**

/s/
Bryan A. Skoric (WSB #6-2834)
Park County and Prosecuting Attorney

/s/
Dustin N. Slade (WSB No. 8-7156)
Deputy Park County Attorney
Park County Attorney's Office
1002 Sheridan Ave.
Cody, Wyoming 82414
(307) 527-8660

ATTORNEYS FOR DEFENDANT
COLLEEN RENNER, in her official capacity as
Park County Clerk

CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July, 2025, a copy of the foregoing Motion was electronically filed and service via the CM/ECF e-service to all counsel of record.

/s/
Dustin N. Slade