Exhibit A-2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **EQUALITY STATE POLICY CENTER,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**CHUCK GRAY,** in his official capacity as )<br>Wyoming Secretary of State; )<br>**KAYLA WHITE,** in her official capacity as )<br>Albany County Clerk; )<br>**LORI SMALLWOOD,** in her official capacity as )<br>Big Horn County Clerk; )<br>**CINDY LOVELACE,** in her official capacity as )<br>Campbell County Clerk; )<br>**LISA SMITH,** in her official capacity as )<br>Carbon County Clerk; )<br>**KAREN RIMMER,** in her official capacity as )<br>Converse County Clerk; )<br>**MELISSA JONES,** in her official capacity as )<br>Crook County Clerk; )<br>**JULIE FREESE,** in her official capacity as )<br>Fremont County Clerk; )<br>**MARY B. FEAGLER,** in her official capacity as )<br>Goshen County Clerk; )<br>**BECKY KERSTEN,** in her official capacity as )<br>Hot Springs County Clerk; )<br>**JACKIE CAMINO,** in her official capacity as )<br>Johnson County Clerk; )<br>**DEBRA LEE,** in her official capacity as )<br>Laramie County Clerk; )<br>**APRIL BRUNSKI,** in her official capacity as )<br>Lincoln County Clerk; )<br>**TRACY GOOD,** in her official capacity as )<br>Natrona County Clerk; )<br>**BECKY FREEMAN,** in her official capacity as )<br>Niobrara County Clerk; )<br>**COLLEEN RENNER,** in her official capacity as )<br>Park County Clerk; )<br>**MALCOLM J. ERVIN,** in his official capacity as )<br>Platte County Clerk; )<br>**EDA SCHUNK THOMPSON,** in her official )<br>capacity as Sheridan County Clerk; )<br>**CARRIE S. LONG,** in her official capacity as )<br>Sublette County Clerk; ) | Civil Action No. 25-cv-00117-SWS |

| | |
|---|---|
| **CYNTHIA L. LANE**, in her official capacity as Sweetwater County Clerk; | ) ) |
| **MAUREEN MURPHY**, in her official capacity as Teton County Clerk; | ) ) |
| **AMANDA HUTCHINSON**, in her official capacity as Uinta County Clerk; | ) ) |
| **LILY RAKNESS PARRA**, in her official capacity as Washakie County Clerk; and | ) ) |
| **BECKY HADLOCK**, in her official capacity as Weston County Clerk, | ) ) |
| Defendants. | ) ) |

## WAIVER OF THE SERVICE OF SUMMONS REGARDING COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION / BRIEF IN SUPPORT

To: Darold W. Killmer, counsel for Plaintiff

    I received your request to waive service of a summons on behalf of Defendant Colleen Renner, **in her official capacity as the County Clerk of Park County, Wyoming** in this action with a copy of the Complaint and Jury Demand [Doc. 1], Plaintiff's Motion for Preliminary Injunction [Doc. 15], and Plaintiff's Brief in Support of Preliminary Injunction and exhibits [Docs. 16 to 16-37], this waiver form, and a means by which I can return the signed waiver to you without cost to me.

    I, or the parties on whose behalf I am acting, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the parties on whose behalf I am acting, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that an answer or motion under Rule 12 must be filed with the Court within **60 days from June 6, 2025**, the date when this request was sent, or a default judgement may be entered against me, or the parties on whose behalf I am acting.

Date 6/12/25    Signature: _____
                                                       Bryan A. Skoric, Park County and
                                                       Prosecuting Attorney

*Attorney for Defendant Colleen Renner, in her official capacity as*

*County Clerk of Park County, Wyoming*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.