Dale Schowengerdt
(WY Bar 7-6408)
Landmark Law PLLC
7 West 6th Avenue, Suite 518
Helena, MT 59601
(406) 457-5496
dale@landmarklawpllc.com

Thomas R. McCarthy*
Gilbert C. Dickey*
Conor D. Woodfin*
William Bock IV*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
tom@consovoymccarthy.com
gilbert@consovoymccarthy.com
conor@consovoymccarthy.com
wbock@consovoymccarthy.com

 *admitted *pro hac vice*

*Counsel for Proposed Intervenor-Defendant
The Republican National Committee*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| EQUALITY STATE POLICY CENTER,<br><br>*Plaintiff*,<br><br>v.<br><br>CHUCK GRAY, in his official capacity as Wyoming Secretary of State, et. al.,<br><br>*Defendants*,<br><br>REPUBLICAN NATIONAL COMMITTEE,<br><br>*Proposed Intervenor-Defendant*. | Case No: 1:25-cv-00117 |

**REPLY IN SUPPORT OF MOTION TO INTERVENE**

## INTRODUCTION

The State consents to the RNC's intervention. Plaintiff does not. But Plaintiff doesn't dispute that the motion is timely or that the RNC's intervention won't prejudice any party. Contrary to Plaintiff's claims, Opp.3, the RNC cited multiple cases in which political parties were granted intervention as of right, *e.g., LUPE v. Abbott*, 29 F.4th 299 (5th Cir. 2022); *LULAC v. EOP*, Doc. 135, No. 1:25-cv-946 (D.D.C. 2025); *Issa v. Newsom*, 2020 WL 3074351 (E.D. Cal.); *Citizens United v. Gessler*, 2014 WL 4549001 (D. Col.); *Paher v. Cegavske*, 2020 WL 2042365 (D. Nev.). Plaintiff ignores that the RNC was granted intervention as of right just last month over the federal proof-of-citizenship requirement. *LULAC*, Doc. 135 at 9. There, the RNC established Article III standing—a higher standard than applies in this Circuit—to intervene as of right. *Id.* at 4-5; *see City of Colo. Springs v. Climax Molybdenum Co.*, 587 F.3d 1071, 1079 (10th Cir. 2009). Even in a case brought by "nonpartisan" groups, the RNC has "standing to intervene" based on its "interest in competing in fair [election] contests." *LULAC*, Doc. 135 at 9.

Regardless, Plaintiff provides no good reason to deny the RNC permissive intervention, a path well-trod by federal courts. Doc. 58 at 2 n.1. Permissive intervention is the simplest path forward, which is why most courts don't even reach intervention as of right. And under permissive intervention, Plaintiff's primary argument against the RNC's motion—adequate representation—is "not a required part of the test." *Payne v. Tri-State Careflight, LLC*, 322 F.R.D. 647, 664 (D.N.M. 2017). The RNC's motion should be granted: the weight of authority supports it, the RNC has substantial interests, and the State cannot adequately represent the RNC.

1

**ARGUMENT**

**I.    The great weight of authority supports the RNC's intervention.**

The RNC cited a sample of nearly twenty decisions where federal courts allowed political parties to intervene in election law cases. Doc. 58 at 2 n.1, 6, 10. Plaintiff argues that all but one involved permissive intervention. Opp.3. But in almost half a dozen cases, federal courts granted political parties intervention as of right. *See supra* at 1. In any event, the RNC also moved for permissive intervention here, so the cases are on point. Plaintiff points out that some cases weren't brought by supposed "nonpartisan" plaintiffs. Opp.4. But it cites no case in which the "nonpartisan" status of a party mattered. If anything, Plaintiff's claimed "nonpartisan" status *supports* the RNC's intervention because it concedes the RNC will bring a partisan "perspective" that they "choose not to provide." *Nielsen v. DeSantis*, 2020 WL 6589656, at *1 (N.D. Fla.). The RNC has thus intervened in cases with "nonpartisan" groups. *E.g.*, *LUPE*, 29 F.4th at 309; *LULAC*, Doc. 135 at 6-9.

None of Plaintiff's cases casts doubt on the RNC's intervention. One of those decisions was reversed for the purpose of appeal. *Common Cause R.I. v. Gorbea*, 970 F.3d 11, 14 (1st Cir. 2020). Another didn't even involve the RNC, but rather state legislators. *League of Women Voters of Mich. v. Johnson*, 2018 WL 10483889 (E.D. Mich.). A third denied intervention because the motion was untimely, an argument Plaintiff doesn't make here. *Yazzie v. Hobbs*, 2020 WL 8181703, *4 (D. Ariz.). A fourth was denied "as moot" because the RNC "notified the court's case manager" it didn't intend to continue pursuing intervention. *N.H. Youth Movement v. Scanlan*, Doc. 48 at 1, No. 24-cv-291 (D.N.H. Mar. 13, 2025). In a fifth, the court denied the RNC

intervention because it had already granted intervention to Republican state legislators, so the RNC's partisan interests were adequately represented. *Democracy N.C. v. N.C. Bd. of Elections*, 2020 WL 6591397, *1-2 (M.D.N.C.). In a sixth, the district court later admitted its decision "may be contrary to the Tenth Circuit's law." *SWEPI, LP v. Mora Cnty.*, 2014 WL 6983288, *35 n.13 (D.N.M.). These outlier cases don't undermine the great weight of authority granting the RNC intervention based on its "significant protectable interests." *Issa*, 2020 WL 3074351, *3-4.

## II. The RNC has substantial interests at stake in this case.

Plaintiff argues the RNC's interests are too "abstract" and "generalized." Opp.4-5. But Plaintiff doesn't dispute that the RNC competes in political contests structured by Wyoming's election laws. The RNC is no mere bystander. It has a particularized interest in "competing in fair contests." *LULAC*, Doc. 135 at 9. Because enjoining Wyoming's proof of citizenship law would "alter the competitive environment" in which Republicans compete, the RNC has a concrete interest. *Shays v. FEC*, 414 F.3d 76, 87 (D.C. Cir. 2005).

If Wyoming's proof of citizenship law is enjoined, numerous RNC interests will be impaired. To continue effectively pursuing its core political mission, the RNC will be forced to "divert resources" to verify the accuracy of Wyoming's voter rolls, "counsel[] interested voters and volunteers" about Wyoming's changed requirements, and "monitor[] various aspects of the upcoming election." *Cf. RNC v. N.C. Bd. of Elections*, 120 F.4th 390, 396-97 (4th Cir. 2024). The "voting power" of Republican voters may be diluted by illegal non-citizen votes. *Cf. Hall v. D.C. Bd. of Elections*, 2025 WL 1717330, at *4 (D.C. Cir.). And Republican voters' confidence will be

discouraged. *Cf. Jud. Watch, Inc. v. Griswold*, 554 F. Supp. 3d 1091, 1104 (D. Colo. 2021). These interests are sufficient for standing, let alone Rule 24(a)'s less "stringent" requirements. *Yniguez v. Ariz.*, 939 F.2d 727, 735 (9th Cir. 1991).

Plaintiff's real dispute is with the merits of the RNC's defenses of Wyoming's law, not the mettle of the RNC's interests. Plaintiff asserts that Wyoming's proof of citizenship requirement "threaten[s] to disenfranchise voters" and thus it would be more helpful to the RNC's interests if the law was enjoined. Opp.6-7. But "the Court cannot assume" at this stage that Plaintiff will "ultimately prevail on the merits in resolving a motion to intervene." *Pavek v. Simon*, 2020 WL 3960252, at *3 (D. Minn.). All of Plaintiff's arguments about the "ultimate merits" of this case don't disturb the reality that the RNC "has an interest in the subject" of this case. *Oneida Indian Nation of Wi. v. State of N.Y.*, 732 F.2d 261, 265 (2d Cir. 1984).

## III. The State cannot adequately represent the RNC's partisan interests.

Plaintiff cites adequate representation by State Defendants in opposition to the RNC's right to intervene—and as the only ground to oppose permissive intervention. Opp.7-9. But to grant permissive intervention, this Court need not determine whether adequate representation exists. *Payne*, 322 F.R.D. at 664.

Regardless, the State Defendants don't share "identical" interests with the RNC. *Kane Cnty. v. United States*, 94 F.4th 1017, 1032 (10th Cir. 2024). That two sets of defendants want the same "relief" is a truism of intervention. Opp.8-9. In contrast to the RNC's partisan interests, the State's represents the "public interest" and "internal interests" such as "litigation resources." *Kane Cnty. v. United States*, 928 F.3d 877, 895 (10th Cir. 2019).

4

Plaintiff argues that adequate representation is presumed when both parties seek the same objective. Opp.7-8. But the Tenth Circuit has "decline[d] to equate relief and interests." *Kane Cnty., Utah*, 94 F.4th at 1032. Even where an intervenor and the State share "the 'same objective' of defending the constitutionality of a statute," inadequate representation still exists when the intervenor's interests are "less broad" than the State and "different in kind." *Id.* at 1033 (citing *LUPE*, 29 F.4th at 308-09). Because the RNC's partisan interests are different from the public interest, the State cannot "vindicate such an interest while acting in good faith." *LUPE*, 29 F.4th at 309.

## CONCLUSION

For these reasons, the Court should grant the RNC's motion.

Dated: July 17, 2025

Respectfully submitted,

*/s/ Dale Schowengerdt*

Thomas R. McCarthy\*
Gilbert C. Dickey\*
Conor D. Woodfin\*
William Bock IV\*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
gilbert@consovoymccarthy.com
conor@consovoymccarthy.com
wbock@consovoymccarthy.com

Dale Schowengerdt
(WY Bar 7-6408)
LANDMARK LAW PLLC
7 West 6th Avenue, Suite 518
Helena, MT 59601
(406) 457-5496
dale@landmarklawpllc.com

\*admitted *pro hac vice*

*Counsel for Proposed Intervenor-Defendant*
*The Republican National Committee*